**Mark CLINE, Appellant,**

v.

**Joseph P. TEASDALE and Teasdale & Lafferty, Respondents.**

**No. WD 63229.**

Missouri Court of Appeals, Western District.

Aug. 31, 2004.

Timothy Paul Orrick, Neil B. Foth, Lenexa, KS, for appellant.

Richard F. Adams, Kansas City, MO, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Chief Judge.

Mark Cline appeals from the summary judgment of the Circuit Court of Jackson County for the respondents, Joseph P. Teasdale and the law firm of Teasdale & Lafferty, a general partnership, on the appellant's amended petition for damages for legal malpractice. In his amended petition, the appellant alleged that Teasdale was negligent in representing him in a probation revocation proceeding, resulting in the revocation of the probation he was serving on a conviction of involuntary manslaughter. Specifically, the appellant alleged that Teasdale was negligent in failing to challenge the jurisdiction of the circuit court to revoke him. The appellant further alleged that Teasdale & Lafferty was liable for Teasdale's negligence on a theory of agency. The respondents obtained summary judgment on two grounds: (1) Teasdale's failure to challenge the circuit court's jurisdiction to revoke did not constitute negligence and did not result in the revocation of the appellant's probation in that the circuit court had jurisdiction to revoke the appellant's probation; and (2) Teasdale's failure to challenge the circuit court's jurisdiction to revoke, even if negligent, was not the proximate cause of the appellant's alleged damages. The respondents alleged a third ground for summary judgment, that the appellant was barred from bringing his malpractice claim by the doctrine of collateral estoppel, but the trial court did not address that ground.

The appellant raises three points on appeal. In Point I, he claims that the trial court erred in entering summary judgment for the respondents, based on the court's finding that the circuit court had jurisdiction to revoke his probation, because, the

trial court's finding was contrary to the facts alleged in the respondents' motion, even when taken as true, and the applicable law. In Point II, he claims that the trial court erred in entering summary judgment for the respondents, based on the court's finding that even if Teasdale was negligent as alleged, his negligence was not the proximate cause of the appellant's alleged damages, because the trial court's finding is contrary to the facts alleged in the respondents' motion, even when taken as true, and the applicable law. In Point III, recognizing that we must affirm on any ground supported by the summary judgment record, the appellant claims that "[t]his court should not grant Teasdale's Motion for Summary Judgment on the grounds of collateral estoppel[.]"

We affirm.

## Facts

On May 26, 1992, the appellant was charged in the Circuit Court of Platte County, by way of information, with one count of involuntary manslaughter, § 565.024.[1] The charge arose from an auto accident, caused by the appellant while driving under the influence of alcohol, which resulted in the death of another motorist. On September 22, 1992, the appellant pled guilty to the charged offense. As a result of his conviction, the appellant was sentenced, on November 19, 1992, to six years in the Missouri Department of Corrections. On March 19, 1993, after serving 120 days of his sentence, the appellant was granted a conditional early release, § 559.115.2, and placed on supervised probation for a period of five years.

On March 11, 1998, the circuit court sent a letter to the appellant, which he received on March 16, 1998, advising him of a possible probation violation, and that as a result

his probation was being suspended and a probation revocation hearing was scheduled for April 2, 1998. The alleged violation prompting the suspension was for "domestic abuse," which was brought to the court's attention while it was reading the "Final Case Summary Report" filed by Probation and Parole. On March 19, 1998, the appellant, while meeting with his probation officer, was given oral notice of another possible probation violation, this one for allegedly drinking and driving on March 14, 1998. On the following day, March 20, 1998, the appellant retained Teasdale to represent him at the April 2, 1998, revocation hearing. The hearing occurred as scheduled, resulting in the revocation of the appellant's probation, based solely on the circuit court's finding that he had violated his probation by drinking and driving on March 14, 1998.

On April 9, 2002, the appellant filed a petition for damages against the respondents in the Circuit Court of Jackson County alleging legal malpractice. On May 9, 2002, he filed an amended petition, alleging that Teasdale was negligent in failing to challenge the jurisdiction of the circuit court to revoke his probation. On February 25, 2003, the respondents filed their motion for summary judgment, which was granted on August 19, 2003.

This appeal followed.

## Standard of Review

In reviewing the grant of summary judgment:

> [o]ur review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary

1. All statutory references are to RSMo 2000, unless otherwise indicated.

judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

*ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. *banc* 1993) (citations omitted). Summary judgment will be upheld on appeal if: (1) there is no genuine dispute of material fact, and (2) the movant is entitled to judgment as a matter of law. *Id.* at 380.

When considering appeals from summary judgments, the [c]ourt will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. We accord the non-movant the benefit of all reasonable inferences from the record.

*Id.* at 376 (citations omitted).

## I.

In Point I, the appellant claims that the trial court erred in entering summary judgment for the respondents on the appellant's claim of legal malpractice against Teasdale, based on the court's finding that the circuit court had jurisdiction to revoke his probation, because, the trial court's finding was contrary to the facts alleged in the respondents' motion, even when taken as true, and the applicable law. We disagree.

■ To be entitled to summary judgment, the movant must demonstrate that: (1) there is no genuine dispute as to the material facts on which he relies for sum-

mary judgment; and (2) on those facts, he is entitled to judgment as a matter of law. Rule 74.04;[2] *Block Properties Co. v. Am. Nat'l Ins. Co.*, 998 S.W.2d 168, 173 (Mo. App.1999). A movant's right to judgment as a matter of law differs significantly depending upon whether that movant is a "claimant" or a "defending party." *ITT Commercial Fin. Corp.*, 854 S.W.2d at 381. "A 'claimant' must establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial[,]" entitling the claimant to judgment as a matter of law. *Id.* On the other hand, a defending party may establish a right to judgment by employing one or more of three means: (1) showing undisputed facts that negate any one of the plaintiff's required proof elements; (2) showing that the plaintiff, after an adequate period of discovery, has not produced and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of one or more of the plaintiff's proof elements; or (3) showing that there is no genuine dispute as to the existence of each of the facts necessary to prove the movant's properly pleaded affirmative defense. *Id.* "Regardless of which of these three means is employed by the 'defending party,' each establishes a right to judgment as a matter of law." *Id.*

■ To establish a claim of legal malpractice, the plaintiff must prove: (1) an attorney-client relationship; (2) that the attorney acted negligently or in breach of contract; (3) that but for the attorney's conduct, the client would have been successful in prosecuting their underlying claim; and (4) that the attorney's negligent acts were the proximate cause of damages sustained by the client. *Emery*

---

**2.** All rule references are to the Missouri Rules of Civil Procedure, 2004, unless otherwise indicated.

*v. Carnahan*, 88 S.W.3d 138, 142 (Mo.App. 2002). In their motion for summary judgment, the respondents alleged, *inter alia*, facts which would negate either the second or third proof-elements of the appellant's malpractice claim. Specifically, they alleged in their motion facts which they contend, under the applicable law, established that Teasdale's failure to challenge the circuit court's jurisdiction to revoke appellant's probation did not constitute negligence and did not result in his being revoked in that even if Teasdale had challenged the court's jurisdiction, appellant would *not* have been successful in that the circuit court had jurisdiction to revoke. Logically, an attorney is not negligent in failing to engage in a futile act. *See Brooks v. State*, 51 S.W.3d 909, 914 (Mo. App.2001) (holding that trial counsel is not ineffective in a criminal case for failing to engage in a futile act). And, logically, such an act could never be an impediment to the successful prosecution of the underlying claim, in this case, the appellant's successful defense of the alleged probation violation on jurisdictional grounds. Thus, if the facts alleged by the respondents in their motion were undisputed and established, under the applicable law, that the circuit court had jurisdiction to revoke the appellant's probation, summary judgment for the respondents on the appellant's malpractice claim would have been appropriate on that basis alone, requiring us to affirm, in that his claim was based solely on Teasdale's alleged failure to challenge the circuit court's jurisdiction to revoke.

The appellant does not dispute the facts alleged in the respondents' motion for summary judgment, which set up a timeline for the revocation proceeding. Rather, he contends that under the applicable law, those facts establish that the circuit court did not have jurisdiction to revoke the appellant's probation such that summary judgment for the respondents on

that basis was not justified. Hence, the issue we must decide in this point is a question of law concerning whether the circuit court had jurisdiction to revoke the appellant's probation given the facts alleged in the respondents' motion for summary judgment.

The facts alleged in the respondents' motion establish that the appellant's probation was to expire on March 19, 1998. However, on March 11, 1998, the circuit court suspended the appellant's probation and scheduled a probation revocation hearing for April 2, 1998. The alleged violation prompting the suspension was for "domestic abuse," which was brought to the court's attention by its reading of the "Final Case Summary Report" filed by Probation and Parole. The appellant was notified of the alleged violation and suspension by a letter from the circuit court, dated March 11, 1998, and received by the appellant on March 16, 1998, which reads, in pertinent part:

> The Court has been advised of a possible violation of your probation entered in the above styled cause. The running of your probation has been suspended and a probation revocation hearing has been scheduled for Thursday, April 2, 1998 at 1:30 p.m. in Division I of the Platte County Circuit Court.

On April 1, 1998, the appellant's probation officer filed with the circuit court a violation report, dated March 24, 1998, alleging a violation other than the violation prompting the suspension of March 11, 1998. In the report, the probation officer alleged that the appellant had violated his probation by consuming alcohol and driving on March 14, 1998, which was prior to the expiration date of his probation, but subsequent to the date of its suspension. The appellant was formally served with a copy of the April 1 violation report on the

same day as the revocation hearing, April 2, 1998. However, on March 19, 1998, upon reporting to his probation officer as ordered, the appellant received actual notice of the alleged March 14, 1998, violation concerning his drinking and driving. It was the next day, March 20, 1998, that the appellant retained Teasdale to represent him at the revocation hearing.

At the revocation hearing on April 2, 1998, the State offered evidence concerning the March 14, 1998, violation for drinking and driving. It also sought to introduce evidence of the alleged domestic abuse violation during its cross-examination of the appellant's wife. However, the appellant objected on the basis that it was irrelevant to the drinking and driving violation of March 14, 1998, which objection was sustained, with any reference to the incident ordered excluded. At the conclusion of the hearing, the circuit court found that the appellant had violated his probation by drinking and driving on March 14, 1998, and ordered his probation revoked, resulting in the appellant's serving an additional sixteen months of his six-year sentence.

 Normally, the circuit court's jurisdiction to revoke probation ends when the probationary period expires. *Stelljes v. State,* 72 S.W.3d 196, 200 (Mo.App.2002). However, § 559.036.6 provides for an extension of the court's authority to revoke beyond the expiration of the probationary period. It provides:

The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

§ 559.036.6. Thus, there are two requirements that a trial court must satisfy in order to extend its jurisdiction to revoke beyond the expiration of the probationary period: (1) there must be "some affirmative manifestation of an intent to conduct a revocation hearing"; and, (2) "that every reasonable effort [must be] made to notify the probationer and to conduct the hearing prior to the expiration of the period." § 559.036.6; *Stelljes,* 72 S.W.3d at 200. Hence, for the respondents to make a *prima facie* case for summary judgment on the basis that contrary to the allegations of the appellant's claim of legal malpractice, the circuit court had jurisdiction to revoke the appellant's probation in the underlying criminal case, they had to plead facts establishing both of these requirements. The legal dispute raised by the appellant in this point is over whether the first requirement was satisfied.[3]

3. The appellant does not challenge in Point I the sufficiency of the respondents' motion with respect to the requirement of § 559.036.6 that the circuit court must make every reasonable effort to conduct the hearing prior to the expiration of the period. He does, however, make a passing reference in his argument to the effect that he is not conceding that fact on appeal without argument on the point. Because he failed to preserve the issue for appeal, *see In re Marriage of Miller,* 939 S.W.2d 572, 573 (Mo.App.1997) (stating that "[t]he questions for decision on appeal are those stated in the points relied on and a question not there presented is abandoned"), any review of that issue would have to be for plain error in accordance with Rule 84.13(c). However, for us to exercise our discretion and conduct such a review, it has to be apparent on the face of the record that an error occurred that resulted in manifest injustice or a miscarriage of justice to the appellant. *Cody v. Missouri Bd. Of Probation and Parole,* 111 S.W.3d 547, 551 (Mo.App.

■ While the appellant concedes that the circuit court's letter of March 11, 1998, was sufficient as an affirmative manifestation of the circuit court's intent to conduct a revocation hearing, based on the alleged domestic violence violation, he contends that it was not sufficient with respect to the drinking and driving violation, the violation on which he was ultimately revoked, such that the court lacked jurisdiction to revoke on that basis. In contending as he does, the appellant argues that § 559.036.6 should be read so as to require that the affirmative manifestation of the circuit court's intent to conduct a revocation hearing be linked to a specified violation. Thus, when, as here, the revoking violation, although occurring prior to the expiration of the probationary period, occurs after the manifestation of an intent to conduct a revocation hearing, the circuit court would lose the authority to revoke beyond the expiration date, unless there was a separate manifestation of an intent to conduct a revocation hearing as to the subsequent violation. The respondents disagree. They argue that the statute does not require that the affirmative manifestation of an intent to conduct a revocation hearing identify the alleged violations on which revocation is sought. We agree.

■ In determining the issue presented in this point, we necessarily must interpret § 559.036.6. Statutory interpretation is purely a question of law, which we determine *de novo*. *Pavlica v. Dir. of Revenue*, 71 S.W.3d 186, 189 (Mo.App.2002). When interpreting a statute, we are to determine the intent of the legislature, giving the language used its plain and ordinary meaning, and give effect to that intent, if possible. *State ex rel. Riordan v. Dierker*, 956 S.W.2d 258, 260 (Mo. banc 1997). If the intent of the legislature is clear and unambiguous, giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent and cannot resort to any statutory construction in interpreting the statute. *Baxley v. Jarred*, 91 S.W.3d 192, 196 (Mo.App.2002).

As noted, *supra*, the pertinent language of § 559.036.6 states that: "[t]he power of the court to revoke probation shall extend ..., provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period[.]" Clearly, this language does not expressly provide that the manifestation of an intent to conduct a revocation hearing include the alleged violations on which revocation is sought. This subsection simply requires notice of an intent to conduct a revocation hearing prior to the expiration of the probationary period. The appellant, however, contends that because the manifestation of an intent to conduct a revocation hearing must necessarily result from there being an alleged violation, it is implicit in § 559.036.6 that

2003). That is not the case here. On the facts alleged, it was established that the circuit court did not become aware of the domestic-abuse violation until March 11, 1998, and that the appellant did not receive notice of that violation until March 16, 1998, making it highly unlikely that the court could have conducted a revocation hearing on that violation before his probation expired, on March 19, 1998, while still giving him an opportunity to prepare an adequate defense. It follows then, that it would have been totally unreasonable to expect the circuit court to have conducted a revocation hearing on the drinking-and-driving violation of March 14, 1998, on which he was ultimately revoked, before March 19, 1998, and still have given him an opportunity to adequately prepare his defense. Thus, it is not apparent from the record that an error was made by the trial court in sustaining the respondents' motion for summary judgment on the issue of whether the circuit court made a reasonable effort to conduct the revocation hearing prior to the expiration of the appellant's probationary period such that we decline plain error review.

the manifestation designate the triggering violation. While we would agree that the circuit court's intent to conduct a revocation hearing would necessarily be triggered by an alleged violation, we do not agree that it follows then that the legislature intended that the notice, specifying the alleged violation or violations, had to be given prior to the expiration of the probationary period. If it had so intended, it could have easily included that requirement in the statute, but chose not to do so, indicating a contrary intent. *See Jantz v. Brewer*, 30 S.W.3d 915, 918 (Mo.App.2000) (concluding that the legislature, by not including a "change of circumstances" requirement in § 452.377, intended that such a requirement not be imposed).

While it is well settled that as a matter of due process a probationer must have notice of the alleged probation violations against him and an opportunity to be heard thereon, *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 487, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)), we can find no authority for the proposition that due process requires that such notice come prior to the expiration of the probationary period. And, in fact, our legislature, in requiring such notice in § 559.036.4, makes no such requirement. Section 559.036.4 reads, in pertinent part: "Probation shall not be revoked without giving the probationer notice and an opportunity to be heard on the issues of whether he violated a condition of probation ...". Reading § 559.036.4 and § 559.036.6 *in pari materia, see Heslop v. Sanderson*, 123 S.W.3d 214, 222 (Mo.App. 2003) (stating that we are to read statutes as a whole and *in pari materia* with related sections when determining legislative intent), and giving the language used its plain and ordinary meaning, it is clear to us that while the legislature intended that

prior to the expiration of the probationary period a probationer be advised of the circuit court's intent to conduct a probation revocation hearing, notice of the actual alleged violations would suffice as long as it allowed the probationer a reasonable opportunity to adequately prepare his defense. *See State ex rel. Beaird v. Del Muro*, 98 S.W.3d 902, 907 (Mo.App.2003) (explaining that notice of alleged probation violations is sufficient if the probationer is given adequate time to prepare a defense on the issues of whether probation violations actually occurred, and, if they did, whether probation should be revoked because of the violations).

Our interpretation of § 559.036.6 is consistent with its purpose, which obviously is to extend the authority of the circuit court to revoke probation for violations occurring during but near the expiration of the probationary period, recognizing that it would be extremely difficult, if not impossible in many cases, to conduct a revocation hearing prior to the expiration of the probation, but in doing so, restricting the court's extended power so as not to violate the probationer's right to a timely and final resolution of his probation. It is also consistent with the decision of the Southern District of this court in *State ex rel. Cline v. Wall*, in which the court held that the requirement in § 559.036.6, that there be a manifestation of an intent to conduct a revocation hearing prior to the expiration of the probationary period, did not require the "filing of all documents that may ultimately be required to revoke probation," including a motion to revoke, setting forth the alleged probation violations. 37 S.W.3d 877, 880 (Mo.App.2001).

Given our interpretation of § 559.036.6, the fact that the circuit court's letter of March 11, 1998, advising the appellant that it was suspending his probation, did not include a notice of the drinking-and-driv-

ing violation on which he was ultimately revoked, did not deprive the court of jurisdiction to revoke him. And, inasmuch as the appellant's claim of legal malpractice is based solely on his assertion that the circuit court lacked jurisdiction to revoke his probation, based on the failure of the court to include in its letter of March 11, 1998, the alleged violation on which he was ultimately revoked, the trial court was justified in granting the respondents' summary judgment on the appellant's claim of legal malpractice on the basis that the circuit court did have jurisdiction to revoke.

For the reasons discussed, Point I is denied. And, inasmuch as we are to affirm summary judgment on any basis justified, *Payne v. City of St. Joseph*, 58 S.W.3d 84, 86 (Mo.App.2001), the denial of Point I moots Points II and III. *See Mo. Consol. Health Care Plan v. Cmty. Health Plan*, 81 S.W.3d 34, 50 (Mo.App.2002) (a point is moot where resolution of the issue it presents would have no practical effect upon the ultimate outcome of the appeal). We are not required to address points that are rendered moot. *Id.*

### Conclusion

The circuit court's summary judgment for the respondents on the appellant's amended petition for legal malpractice is affirmed.

ULRICH, P.J., and LOWENSTEIN, J., concur.