**Matthew B. ANDREWS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 69603.**

Missouri Court of Appeals,
Western District.

March 10, 2009.

Rehearing Denied April 28, 2009.

Michael E. Reardon, Kansas City, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Richard A. Starnes and Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Matthew B. Andrews appeals the circuit court's judgment, after an evidentiary hearing, denying his Rule 24.035[1] motion in which he sought to have his five year prison term vacated. In his sole point on appeal, Andrews asserts that the circuit court erred in overruling his motion because the record established that, when the circuit court revoked his probation on September 7, 2007, it had already lost jurisdiction over his case. We affirm.

On December 3, 2003, Andrews pleaded guilty to one count of possession of a controlled substance. The circuit court sentenced him to a five year term in the Department of Corrections. The circuit court, however, suspended his sentence and placed him on probation for a three year term. While he was on probation, Andrews had repeated problems with law enforcement, and his probation officer filed numerous violation reports with the circuit court.

On October 24, 2006, Andrews's probation officer filed her final case summary report regarding Andrews's conduct on probation. This report recounted Andrews's various difficulties while on probation. Thereafter, on October 31, 2006, while Andrews was still on probation, the circuit court entered an order extending his probation for two additional years. On March 13, 2007, due to more problems with controlled substances, the circuit court revoked his probation and, pursuant to § 559.115,[2] placed him in an institutional treatment program. The circuit court remanded him to the custody of the Sheriff of Platte County until the Department of Corrections could find room for him. Andrews completed the program, and the circuit court placed him on probation again. On September 6, 2007, due to more drug problems, the circuit court revoked his probation and ordered Andrews to serve his five year prison term.

On October 24, 2007, Andrews filed his Rule 24.035 motion in which he sought to vacate his sentence. He claimed that the circuit court's order extending his probation was void because the circuit court had no authority to extend his probation without holding a hearing and finding that he violated his probation. Thus, he claimed that, since the circuit court had no authority to extend his probation, his probation ended on December 3, 2006, and therefore the circuit court could not find him guilty of violating his probation in March 2007. On March 7, 2008, the circuit court held an evidentiary hearing and denied Andrews's claim. This appeal follows.

 Before we can address the merits of Andrews's claim, we must address the State's two procedural arguments. First, it claims that we cannot review Andrews's claim because Andrews failed to file his Rule 24.035 motion in a timely manner.[3] *Hall v. State,* 992 S.W.2d 895,

1. All rule references are to Missouri Rules of Criminal Procedure, 2008, unless otherwise indicated.

2. All statutory references are to RSMo Cum. Supp.2008, unless otherwise indicated.

3. The State actually casts its argument in jurisdictional terms and claims that the circuit court lacked subject matter jurisdiction over Andrews's claim because he failed to file his motion in a timely manner. The Missouri Supreme Court, however, recently clarified the law regarding jurisdiction, and it is clear from its discussion that the State's argument is not jurisdictional. In *Webb ex rel. J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009), the Missouri Supreme Court clarified that Missouri recognizes only two types of jurisdiction: personal and subject matter. *Id.* at 251–53. Both personal and subject matter jurisdiction derive from constitutional principles. *Id.* Subject matter jurisdiction refers to the "court's authority to render a judgment in a particular category of case." *Id.* at 253. In

897 (Mo.App.1999).[4] Rule 24.035(b), which governs the time limits for the filing of a post-conviction relief motion, says that:

> If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections.
>
> . . . .
>
> Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.

Thus, under Rule 24.035, an appellant has 180 days from the date of his incarceration in the Department of Corrections to file his Rule 24.035 motion. The time limits in Rule 24.035 begin to run the day of the appellant's initial delivery to the Department of Corrections. *Hall*, 992 S.W.2d at 897. This is true even in cases where, pursuant to § 559.115, the circuit court remands the appellant to the department so he can enter an institutional treatment program and grants him probation when he completes the program. *Id.* Rule 24.035's time limits are constitutionally valid and mandatory. *Id.* We are required to strictly enforce these limits and are not allowed to extend them. *Id.*

In this case, on March 15, 2007, the circuit court revoked Andrews's probation and, pursuant to the provisions of § 559.115, placed him in an institutional treatment center. The circuit court ordered Andrews to remain in custody until he could be placed in an institutional treatment program. The record, however, establishes that the circuit court did not immediately place Andrews in the physical custody of the Department of Corrections. Rather, the circuit court ordered Andrews to remain in the custody of the Sheriff of Platte County until the Department of Corrections could find space for him.

It is unclear from the record when Andrews was physically delivered to custody

Missouri, the court's subject matter jurisdiction derives directly from article V, section 14 of the Missouri Constitution, which says that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Thus, in this case, the circuit court had jurisdiction over Andrews's case because it was a civil case.

The Supreme Court noted that there were prior cases that had created another form of subject matter jurisdiction called "jurisdictional competence." The issue of "jurisdictional competence" arose when there was no question that the circuit court had subject matter jurisdiction over the general issue, but there was question "whether the issue or parties affected by the court's judgment [were] properly before it for resolution at that time." Id. (internal quotation marks omitted). In Webb, the Missouri Supreme Court stated that "jurisdictional competence" had no constitutional basis and was not recognized in Missouri. Id. The State's argument in this case is a question of jurisdictional competence because the State concedes that the circuit court has subject matter jurisdiction over all civil cases including Rule 24.035 cases, but maintains that it did not have jurisdiction over this specific case because Andrews failed to file his motion in a timely manner. Given the Missouri Supreme Court's holding in Webb, this is not an issue of jurisdiction and is just an issue of trial error.

4. The State also concedes that it did not raise its timeliness issue to the circuit court. The State, however, maintains that this issue can be raised for the first time on appeal. The State is correct that we have allowed this argument to be raised for the first time on appeal. *See e.g., Hall v. State*, 992 S.W.2d 895, 897 (Mo.App.1999). Courts allowed this issue to be raised on appeal for the first time because they considered it to be a jurisdictional issue. *Id.* Of course, as we discuss in footnote 3, the issue is not jurisdictional. Thus, it is unclear to us whether or not the State can raise this issue for the first time on appeal. We, however, do not need to resolve this issue because the State's contention fails.

of the department. There is no specific docket reference regarding Andrews's delivery date. The circuit court, however, did make a docket entry on March 16, 2007, which stated that "A BED DATE OF MAY 7, 2007 has been reserved for Defendant." Although there is no entry indicating that Andrews actually physically arrived on that date, it is logical to assume that he could not have arrived before that date since the department did not have a bed for him. Thus, it appears from this entry that the earliest date that the Department of Corrections could have taken physical custody of Andrews was May 7, 2007. Andrews's 180 day period to file his 24.035 motion started to run on this date. *Roth v. State*, 921 S.W.2d 680, 681 (Mo. App.1996) (holding that the timeliness of the defendant's filing is determined by the date of his *physical* delivery to the custody of the Department of Corrections). Andrews's 180 day period ended on November 3, 2007, which was a Saturday so, pursuant to Rule 44.01(a),[5] the period ran until the next Monday, which was November 5, 2007. Since Andrews filed his motion on October 24, 2007, he filed his motion within the applicable period.

■ Second, the State claims that we cannot review Andrews's appeal because his claim is not cognizable in a Rule 24.035 proceeding.[6] Rule 24.035(a) sets out the exclusive list of claims that an appellant may raise in a post-conviction relief motion. *West v. State*, 159 S.W.3d 847, 852 (Mo.App.2005). Rule 24.035 says:

A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035.

All other claims are excluded from this rule by omission. *West*, 159 S.W.3d at 852.

The State claims that, under the language of Rule 24.035, an appellant may challenge the imposition of his sentence but cannot challenge the execution of that sentence. The State asserts that Andrews's claim is not cognizable under Rule 24.035 because his claim deals with whether or not the circuit court could execute his sentence. The State, however, concedes that it has raised this argument and similar arguments in numerous appeals and that this court has routinely rejected them. *See Norfolk v. State*, 200 S.W.3d 36, 38 (Mo.App.2006); *Stelljes v. State*, 72 S.W.3d 196, 199 (Mo.App.2002); *Williams v. State*, 927 S.W.2d 903, 907 n. 4 (Mo.App.1996). In fact, the courts are unanimous that an appellant's claim alleging that the circuit court lacked the authority to revoke his probation and execute his sentence because the probationary period had ended is

---

**5.** Under Rule 44.01(a), however, the Missouri Supreme Court has determined that, when the last day of the period ends on Saturday or Sunday, the period actually runs until the end of the next day: "The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next

day which is neither a Saturday, Sunday nor a legal holiday"

**6.** The State again casts its argument in terms of the circuit court's subject matter jurisdiction. As we noted in footnote 3, the State's argument is not jurisdictional because the circuit court has subject matter jurisdiction over all civil cases.

cognizable in a Rule 24.035 motion. *Id.*; *see also Prewitt v. State*, 191 S.W.3d 709, 711 (Mo.App.2006). We see no reason to revisit the holdings of these cases. Thus, Andrews's claim is cognizable in a Rule 24.035 proceeding. Having answered the State's issues, we now turn to the merits of Andrews's claim.

■ In his sole point on appeal, Andrews claims that the circuit court erred in overruling his Rule 24.035 motion because the record conclusively established that, when the circuit court revoked his probation on March 15, 2007, his probationary period had already ended on December 3, 2006, and that the circuit court's order extending his probation was void. Andrews claims that the circuit court's order, which it entered on October 31, 2006, extending his probation was void because, in violation § 559.036 and his due process rights, the circuit court extended his probation (1) even though there was no pending probation violation in front of it, and (2) without giving Andrews notice and a hearing.

■ In determining Andrews's claim, we must interpret § 559.036. When we interpret a statute, we are required to determine the General Assembly's intent and give effect to that intent. *Cline v. Teasdale*, 142 S.W.3d 215, 222 (Mo.App. 2004). We determine the General Assembly's intent by giving the statute's language its plain and ordinary meaning. *Id.* If, after giving the language its plain and ordinary meaning, the General Assembly's intent is clear and unambiguous then we are bound by that intent and ought not resort to any statutory construction. *Id.* "Statutory interpretation is purely a question of law, which we determine *de novo.*" *Id.*

Section 559.036, which governs the circuit court's powers to extend and revoke a defendant's probation, says that:

2. The court may terminate a period of probation and discharge the defendant at any time before completion of the specific term fixed under section 559.016 if warranted by the conduct of the defendant and the ends of justice. The court may extend the term of the probation, but no more than one extension of any probation may be ordered except that the court may extend the term of probation by one additional year by order of the court if the defendant admits he or she has violated the conditions of probation or is found by the court to have violated the conditions of his or her probation. Total time on any probation term, including any extension shall not exceed the maximum term established in section 559.016. Procedures for termination, discharge and extension may be established by rule of court.

The plain and ordinary wording of § 559.036.2 states that the extent of the circuit court's power to extend probation depends on whether or not the circuit court has already extended the defendant's probation. If the circuit court has never extended the defendant's probation, then the statute says the circuit court may "extend the term of the probation." The General Assembly's sole limitation on this power is its prohibition that the total time on probation, including any extension, cannot exceed the maximum term established in § 559.016. The General Assembly has placed no other limitation on the circuit court's power to extend a defendant's probation. Thus, it is reasonable to conclude that the General Assembly wanted the circuit court to be able to extend a defendant's probation even though there was no pending probation violation.

In fact, this case provides a good example of the Legislature's wisdom. Andrews's probation officers filed numerous violation reports regarding his conduct.

None of these individual reports caused the circuit court to extend or revoke his probation. Andrews's probation officer then filed a case summary report, which not only stated that Andrews's probation period was ending but also recounted his numerous problems on probation. The circuit court then determined that an extension of probation was appropriate. In that regard, it makes sense that the General Assembly would want the circuit court to have the authority to examine the final case summary report and make a determination on whether or not it should extend a defendant's probation. By waiting until a probation officer files the final case summary report, the circuit court can examine the defendant's entire history.

This interpretation makes even more sense when the first part of the sentence is compared to the second part of the sentence. Under the second part of the sentence, if the circuit court has already extended the defendant's probation, then the General Assembly has prohibited the circuit court from ordering any more extensions, unless "the defendant admits [that] he or she has violated the conditions of probation or is found by the court to have violated the conditions of his or her probation," and then the circuit court can only extend the defendant's probation for "one additional year." Unlike in the first instance, the General Assembly has specifically limited the circuit court's power to order an additional extension of probation to cases in which it has determined that there is a probation violation. Because the General Assembly has narrowed the circuit court's power in the second instance, it is reasonable to assume that the General Assembly intended for the circuit court to have broader powers when ordering the first extension of probation. If not, and the General Assembly wanted the circuit court's power to order the first extension of probation to be limited to cases where it

found a probation violation, the General Assembly would have written the statute to put that same limitation in the first clause. Since it did not, we must assume that the circuit court's power to issue the first extension of probation is not limited to situations where there is a pending probation violation.

Andrews does not acknowledge this section of the statute or make any claim that our interpretation of this section is flawed. Rather, in making his argument, he points to the language of § 559.036.3, which says:

> If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, *the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or,* if such continuation, modification, enlargement or extension is not appropriate, *may revoke probation* and order that any sentence previously imposed be executed.

(Emphasis added). He claims that, from this language, it is obvious that the General Assembly intended for the circuit court to have the authority to extend a defendant's probation only if the defendant had a pending probation violation.

Andrews is correct that, in § 559.036.3, the General Assembly has stated that, if a person violates his probation, the circuit court has the option to (1) continue him on probation, (2) enlarge or extend the terms of his probation, or (3) revoke his probation. Nothing in this section, however, mandates that the circuit court can extend a defendant's probation only if it finds that the defendant has violated his probation.

Rather, in reading these two sections together, it seems obvious to us that, in § 559.036.2, the General Assembly has outlined and restricted the circuit court's ability to extend a defendant's probation

and that, in § 599.036.3, the General Assembly has outlined the circuit court's ability to revoke probation. In that regard, it would make sense that, in § 559.036.3, the General Assembly would want to explicitly state that the circuit court could revoke a defendant's probation only if it found that the defendant violated his probation. The General Assembly, however, also wanted to make it clear that, when faced with a probation violation, the circuit court could, but was not required to, revoke the defendant's probation and could instead maintain or extend his probation. There is nothing, however, in § 559.036.3 that restricts the circuit court's broad authority to extend a defendant's probation.

Andrews also argues that, even if the circuit court had the authority to extend his probation in the absence of a pending probation violation, the circuit court could do so only if it gave him notice and a hearing. Andrews, however, points to nothing in § 559.036 or any other statute that requires the circuit court to grant him a hearing before it extends his probation. In fact, § 559.036.4 states that the circuit court is required to give a hearing only when it may revoke a defendant's probation:

> 4. Probation shall not be revoked without giving the probationer notice and an opportunity to be heard on the issues of whether he violated a condition of probation and, if he did, whether revocation is warranted under all the circumstances.

Given the fact that the General Assembly has expressly stated that a defendant is entitled to a hearing before his probation is revoked but has not stated that a defendant is entitled to hearing before his probation is extended, we can assume that the General Assembly has authorized the circuit courts to extend probation without granting the defendant a hearing. *See*

*Groh v. Ballard,* 965 S.W.2d 872, 874 (Mo. App.1998) (holding that "[a] standard rule of statutory construction is that the express mention of one thing implies the exclusion of another."). Thus, nothing in § 559.036 prohibited the circuit court from extending Andrews's probation even though there was no pending probation violation and he was not given a hearing.

The only way for Andrews to successfully maintain his claim would be to prove that the Due Process Clause of the Fourteenth Amendment of the United States Constitution or the Due Process Clause found in article I, section 10 of the Missouri Constitution prohibited the circuit court from extending his probation. In that regard, the Missouri Supreme Court has already answered that question in *Ockel v. Riley,* 541 S.W.2d 535 (Mo. banc 1976), holding that:

> [T]he due process clause of the Fourteenth Amendment of the United States Constitution, and of Art. I, sec. 10, Mo. Const., does not require notice and hearing prior to an order extending the term of probation and that section 549.101, RSMo 1969, is not unconstitutional in allowing probation to be extended without a prior hearing.

*Id.* at 543. For the rationale for its holding, the Missouri Supreme Court quoted *Skipworth v. United States,* 508 F.2d 598 (3d Cir.1975), for the proposition that due process did not require the circuit court to hold a hearing before it extended a defendant's probation because the extension of probation was not a "grievous loss" of freedom:

> While we acknowledge that probation entails significant restrictions on an individual, an extension of probation is clearly not as "grievous" a "loss" as revocation, and here it entailed no greater restrictions than those which existed previously. In fact, the primary "loss"

suffered by an individual whose probation has been extended lies not in the continuing restrictions themselves, but in the possibility of future revocation. While such a loss is indeed serious, it is merely potential at the time of extension, and the due process clause clearly provides the protection of a hearing in the event that revocation proceedings should subsequently occur.

*Id.* at 542 (*quoting Skipworth,* 508 F.2d at 601–02).

Andrews acknowledges this binding precedent, but claims that it is distinguishable because the *Ockel* decision was based on §§ 549.061, 549.071, and 549.101, RSMo 1969, which have since been repealed. Andrews is correct that these three statutes were in effect when the Missouri Supreme Court decided *Ockel* and that the General Assembly has since replaced these statutes with the provisions contained in Chapter 559. This does not help Andrews's claim, however, because the issue in *Ockel* was not a question of statutory interpretation but a question of constitutional interpretation. *Id.* at 539. Regardless of any change in the statutes, *Ockel's* holding, that due process does not require the court to hold a hearing before extending probation, is still binding precedent.

Andrews also points to no cases holding that due process prohibits a circuit court from extending his probation even though there was no pending probation violation. And, in fact, Andrews's logic is exactly backwards. One of the other reasons that the *Ockel* court and the *Skipworth* court determined that due process required the circuit court to hold a hearing before it revoked a defendant's probation but not before it extended his probation, was the different factual findings between the two actions. *Id.* at 542. Specifically, to revoke a defendant's probation, the circuit court must find that the defendant violated his

probation. *Id.* To extend a defendant's probation, however, the circuit court is not required to find that the defendant violated his probation:

> We also note that the kind of factual inquiry in an extension proceeding is quite different from that in a revocation proceeding. In revocation proceedings, the trial judge must reasonabl[y] satisfy himself that the probationer has broken some law while on probation or has otherwise violated a condition of his probation. While the judge has considerable discretion as to whether to order revocation, he must at a minimum make an initial factual finding of a probation violation. A revocation hearing, therefore, provides the probationer with the crucial opportunity to contest an allegation of violation.
>
> In granting an extension, however, the trial judge is given greater latitude, and he need not find that any probation violation has occurred. For example, in *United States v. Squillante,* 144 F.Supp. 494, 497 (S.D.N.Y.1956), the court refused to terminate the probation which it had previously extended, despite finding that the probationer had complied with the express condition of his probation, because it believed that "the best interest of society warrants the continuation of supervision over the probationer."

*Id.* (*quoting Skipworth,* 508 F.2d at 601–02). In finding that due process does not prohibit the circuit court from extending a defendant's probation without holding a hearing because the circuit court can extend probation even though the defendant has not violated his probation, the court had to necessarily find that due process did not prohibit the circuit court from extending probation even though there was no pending probation violation in front of it. Thus, nothing in the Due Process

Clause prohibits a circuit court from extending a defendant's probation even though there is no pending probation violation in front of it. Under the existing law, therefore, the circuit court had the authority to extend Andrews's probation even though there was no pending probation violation and without granting Andrews a hearing before it extended his probation.

In this case, on October 24, 2006, Andrews's probation officer filed his case summary report with the circuit court. The case summary report alleged that Andrews had prior probation violations and was still in the process of finishing his substance abuse treatment programs. The case summary report also alleged that Andrews was looking for employment. Given the case summary report, the circuit court could have found that, although Andrews had made some progress, it was still in the best interest of society that Andrews remain on probation. Given our interpretation of § 559.036.2, the circuit court's order extending his probation was valid. Thus, Andrews was still on probation when, on March 15, 2007, the circuit court revoked his probation.

The circuit court did not err in denying Andrews's Rule 24.035 motion. We, therefore, affirm the circuit court's judgment.

All concur.