Kyle BOND, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94715.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 7, 2010.

H. Marvin Gilmore, Sikeston, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Kyle Bond (Bond) filed a Rule 24.035 motion for post-conviction relief, claiming that he was denied due process because he was not informed by the motion court that he would not be allowed to withdraw his guilty plea if the court rejected his plea agreement made with the prosecutor. We vacate the judgment and remand the cause with directions to dismiss the motion because Bond failed to timely file his *pro se* motion as required by Rule 29.15(b).

## Factual and Procedural Background

Bond was charged by the State of Missouri (State) in the Circuit Court of Cape Girardeau County with second-degree assault, leaving the scene of an accident, endangering the welfare of a child, and resisting arrest in case number 04CG9–CR02138–01 (Case I). He also was charged with possession of a controlled substance in case number 04G9–CR02167–01 (Case II). Bond appeared in court on February 7, 2005, to enter his guilty pleas in Case I and Case II. He entered a written plea of guilty in both cases. In exchange for his plea in Case I, the State dismissed all charges except second-degree assault in Case I. The State agreed to Bond receiving probation.

Bond appeared for sentencing on July 18, 2005. The court suspended imposition of sentence and placed Bond on five years of supervised probation on both Case I and Case II. Bond understood that if he did not successfully complete probation, he would be sent to prison, to be determined by the court.

On September 4, 2007, Bond appeared in court again to enter a guilty plea to the class C felony of stealing in case number 07CG9–CR00498–01 (Case III). He also admitted violating his probation in both Case I and Case II.

The sentencing hearing for all three cases was held on November 19, 2007. There, the prosecuting attorney confirmed that pursuant to the plea agreement, the State recommended a three-year sentence to serve concurrent to all other sentences on the new charge. Additionally, Bond's trial counsel asked the court to consider the State's recommendation, but also consider, in the alternative, "even a longer sentence and run it not necessarily concurrently, but consider the 120–day program which would permit [Bond] to serve a term of probation after 120 days."

The trial court asked Bond if he would like to say anything on his own behalf. Bond responded, "I'm the sole support of my wife and my daughter, and if there's any way that I can come home quicker than, you know, the three years, I'd sure appreciate it."

The trial court then rejected Bond's plea agreement, stating:

> Mr. Bond, as the latest episode indicates to me, you're not a candidate for probation, not now or ever. It also illustrates the danger of taking an SIS on the case because that leaves the door wide open for me to do whatever I think is appropriate. So I'm going to revoke both of your probations, and in [Case I], I'm going to sentence you to five years in the Missouri Department of Corrections. On [Case II] I'm going to sentence you to five years in the Missouri Department of Corrections. On the new matter, [Case III], I'll follow the recommendation and sentence you to three years in the Missouri Department of Corrections. These are to be served consecutively and not concurrently. That is a total of 13 years, and order the execution of all those sentences.

Bond was sentenced under Section 559.115 to 120 days of shock incarceration and was sent to the Missouri Department of Corrections. On February 7, 2008, the trial court entered an order in all three cases requiring Bond to be released from the Department of Corrections after serving 120 days. Bond was released from shock incarceration on March 19, 2008, and placed on five years of supervised probation.

On March 16, 2009, Bond again appeared in the trial court for a probation violation for absconding on all three cases. The sentences in all three cases were executed.

Bond filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence of the trial court under Rule 24.035 for post-conviction relief on April 10, 2009. His amended motion was filed on October 16, 2009.

On March 29, 2010, the motion court denied Bond relief without an evidentiary hearing. Bond filed his notice of appeal to this Court on April 21, 2010. This appeal follows.

## Discussion

Post-conviction motions filed pursuant to Rule 24.035 are governed by the rules of civil procedure "insofar as applicable." Rule 24.035(a); *Cook v. State*, 156 S.W.3d 418 (Mo.App. E.D.2005). A person seeking relief pursuant to Rule 24.035 shall file a motion to vacate, set aside or correct judgment or sentence "within 180 days of the date the person is delivered to the custody of the department of corrections," if no appeal of that person's judgment was taken. Rule 24.035(b).

> Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could

be raised in a motion filed pursuant to this Rule 24.035.

Rule 24.035(b).

■ The Missouri Supreme Court has held that "[a]ny claim not raised in a timely Rule 24.035 motion is a complete waiver of that claim." *State v. Shafer*, 969 S.W.2d 719, 738 (Mo. banc 1998). Moreover, "the time limits of [Rule 24.035] are constitutionally firm and are mandatory." *Id.* at 741. The time limits "serve the legitimate end of avoiding delay in the processing of prisoners claims and prevent the litigation of stale claims." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989).

■ Here, Bond was sentenced on November 19, 2007. After serving 120 days of shock time in the Missouri Department of Corrections under Section 559.115, Bond was released on March 19, 2008. Although the record does not specify the date he first was delivered to the department of corrections, our calculations conclude that he was delivered on November 20, 2007.

Bond violated his probation and was ordered to return to prison on March 16, 2009. The date of Bond's return to prison, however, is not the date used to calculate the time requirements for filing under Rule 24.035. For example, in *Bollinger v. State*, 144 S.W.3d 335 (Mo.App. E.D.2004), the movant was delivered to the Department of Corrections on February 8, 2002, to serve 120 days of shock time, and his August 5, 2002 motion for post-conviction relief under Rule 24.035 was dismissed as untimely under the rule's time limit of 90 days. Furthermore, in *Crabtree v. State*, 91 S.W.3d 736 (Mo.App. W.D.2002), the appellate court dismissed the movant's appeal under Rule 24.035 as untimely because the movant filed his pro se motion on April 25, 2000, more than nine months after he was first delivered to the department of corrections on June 17, 1999. The

court did not calculate timeliness based on the movant's probation revocation and second delivery to the department of corrections on March 24, 2000.

Rule 24.035 clearly requires a movant file his motion for post-conviction relief "within 180 days of the date the person is delivered to the custody of the department of corrections." Missouri courts have consistently held that the time for filing runs from the *initial* delivery of a person to the department of corrections. Accordingly, Bond was required to file his motion to vacate, set aside or correct judgment within 180 days of November 20, 2007, i.e., no later than May 19, 2008. Bond did not file his pro se motion under Rule 24.035 until nearly a year later, on April 10, 2009. Therefore, Bond's motion was untimely. Bond waived his right to postconviction relief under the rule. *Shafer*, 969 S.W.2d at 738. The motion court did not err in denying Bond's Rule 24.035 motion for post-conviction relief without an evidentiary hearing.

*Conclusion*

The judgment is vacated and the cause is remanded with instructions to dismiss Bond's Rule 24.035 motion.

ROBERT G. DOWD, JR., and NANNETTE A. BAKER, JJ., Concur.