John L. **PHELPS**, Appellant,

v.

**STATE of Missouri**, Respondent.

**No. WD 73263.**

Missouri Court of Appeals, Western District.

Nov. 1, 2011.

Ruth Sanders, Kansas City, MO, for appellant.

Shaun J. Mackelprang and Jayne T. Woods, Jefferson City, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, Presiding, JOSEPH M. ELLIS, Judge and GARY RAVENS, Sp. Judge.

LISA WHITE HARDWICK, Chief Judge.

John Phelps appeals the circuit court's dismissal of his Rule 24.035[1] motion as untimely. Phelps contends the court improperly included the day he was delivered to the Department of Corrections ("DOC") in calculating whether his *pro se* post-conviction motion was filed within the 180-day deadline set forth in Rule 24.035(b). For reasons explained herein, we reverse and remand the case to the circuit court.

### Factual and Procedural History

In June 2009, Phelps pled guilty to one count of child molestation in the first degree. The court sentenced him to a term of six years in prison. Phelps was delivered to the DOC on August 21, 2009.

On February 17, 2010, Phelps filed a *pro se* Rule 24.035 motion for post-conviction relief. After Phelps's appointed counsel filed an amended motion, the State moved to dismiss the action on the basis that Phelps's *pro se* motion was not filed within 180 days of the date he was delivered to the DOC, as required by Rule 24.035(b). The circuit court denied the State's motion to dismiss and scheduled an evidentiary hearing on Phelps's amended Rule 24.035 motion.

At the beginning of the scheduled evidentiary hearing, the State renewed its motion to dismiss Phelps's Rule 24.035 motion on the basis that it was untimely. The State argued that Phelps filed his *pro se* motion on the 181st day after he was delivered to the DOC, while Phelps's counsel argued that he filed it on the 180th day.

The circuit court subsequently entered its judgment dismissing Phelps's Rule 24.035 motion. In its findings of fact and conclusions of law, the court found that, "[w]hen beginning the count on August 21, [2009][2] as day number one, 181 days had passed when said motion was filed on February 17, 2010." Because "more than 180 days elapsed when considering both dates inclusive," the court concluded Phelps's Rule 24.035 motion was untimely and, therefore, dismissed it. Phelps appeals.

### Analysis

■ Our review of the circuit court's dismissal of Phelps's Rule 24.035 motion is limited to a determination of whether the court's findings and conclusions are clearly erroneous. Rule 24.035(k). "Findings and conclusions are clearly erroneous only if a full review of the record definitely and firmly reveals that a mistake was made." *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000).

■ In his sole point on appeal, Phelps contends the circuit court erred in calculating the timeliness of his post-conviction motion. Rule 24.035(b) provides that, where no appeal of a judgment upon a guilty plea is taken, the post-conviction motion "shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035 motions are civil actions. *Lewis v. State*, 845 S.W.2d 137, 138 (Mo. App.1993). As such, they are "governed by the rules of civil procedure insofar as applicable." Rule 24.035(a); *Twitty v. State*, 322 S.W.3d 608, 609–10 (Mo.App. 2010). Rule 44.01(a) prescribes how to compute time periods under the Rules of Civil Procedure. Specifically, Rule 44.01(a) states, "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applica-

---

1. All rule citations are to the Missouri Rules of Criminal Procedure (2011), unless otherwise indicated.

2. The circuit court's judgment erroneously stated the year as 2010 instead of 2009.

ble statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included." Reading Rule 24.035(b) and Rule 44.01(a) together, the day of the triggering event, *i.e.*, the day Phelps was delivered to the DOC, is not to be included in computing the 180–day time period.

 We agree that the circuit court should have applied Rule 44.01(a) in determining the timeliness of Phelps's post-conviction motion. The State argues, however, that Phelps waived the application of Rule 44.01(a) because he failed to assert its application in his Rule 24.035 motion. To support this argument, the State cites *Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010). In *Hoskins*, the Supreme Court held that, because Rule 24.035(d) provides that " 'the movant waives any claim for relief known to the movant that is not listed in the motion,' " a movant is not entitled to any review—even for plain error—of claims that are not raised in the motion. *Id.* (quoting Rule 24.035(d)). The State argues that the application of Rule 44.01(a) constitutes a "claim" that Phelps waived by not raising in his Rule 24.035 motion.

The State's argument misses the distinction between the legal argument Phelps makes on appeal and a "claim for relief" under Rule 24.035. Phelps's contention that his *pro se* motion was timely based upon Rule 44.01(a) is not "a claim known to the movant for vacating, setting aside, or correcting the judgment or sentence" in his underlying criminal case. Rule 24.035(d). Phelps could not have argued in his Rule 24.035 motion that his guilty plea was unknowing, unintelligent, and involuntary because his *pro se* motion was timely when the time period is properly computed pursuant to Rule 44.01(a).

Additionally, the State asserts that Phelps waived the application of Rule 44.01(a) because he did not argue its application to the circuit court and, in fact, his counsel agreed with the prosecutor that the day of delivery to the DOC was included in computing the 180–day time period. Neither party, however, referenced Rule 44.01(a) in its briefs and arguments to the court on this issue, despite the fact that *both* parties had an obligation to bring all relevant legal authority to the court's attention. Moreover, while Phelps's counsel did not dispute the manner in which the prosecutor counted the days, she never conceded that 181 days had elapsed between Phelps's delivery to the DOC and the filing of his *pro se* motion. Phelps's position in the circuit court was the same as it is in this appeal: he filed his *pro se* motion 180 days after his delivery to the DOC and, therefore, his motion was timely. Phelps did not waive the application of Rule 44.01(a) in computing the timeliness of his *pro se* motion.

The State contends that, even if Phelps did not waive the application of Rule 44.01(a), Rule 44.01(a) still does not apply to Rule 24.035(b) because it is a general rule addressing the computation of time periods under any rule, order, or statute, while Rule 24.035(b) is a more specific rule addressing the computation of the time period for a Rule 24.035 motion. We disagree. Rule 24.035(b)'s provision that the motion must be filed "within 180 days of the date the person is delivered to the custody of the department of corrections" prescribes only the length of the time period for filing a motion and the event that triggers the running of that time period. It does not specifically address how the time period is to be computed, that is, the actual way to count the days between the triggering event and the last day of the period. The rule that explains this is Rule 44.01(a), which, by its terms, applies *"[i]n computing any period of time prescribed*

*or allowed by these rules."* (Emphasis added.) Pursuant to Rule 44.01(a), when actually counting the 180–day period, the day of delivery to the DOC is not to be included.

To support its contention that Rule 24.035(b) requires that the day of delivery be included in the 180–day time period, the State cites cases stating that Rule 24.035's time limits begin to run the day of the movant's initial delivery to the DOC. See *Bond v. State*, 326 S.W.3d 828, 831 (Mo. App.2010); *Andrews v. State*, 282 S.W.3d 372, 375 (Mo.App.2009); and *Hall v. State*, 992 S.W.2d 895, 897 (Mo.App.1999). The State's reliance upon these cases is misplaced. *Bond* and *Hall* held that the 180–day time period began to run when the movant was initially delivered to the DOC, as opposed to when he was redelivered to the DOC after release on a 120–day call-back and subsequent probation violation. *Bond*, 326 S.W.3d at 830–31; *Hall*, 992 S.W.2d at 897–98. *Andrews* held that, where the court ordered the movant to remain in the sheriff's custody until space was available in the DOC, the 180–day time period did not begin to run until the day of the movant's physical delivery to the DOC. *Andrews*, 282 S.W.3d at 375–76. *Bond, Hall,* and *Andrews* merely clarified when, under their particular circumstances, Rule 24.035(b)'s triggering event of delivery to the DOC occurred. None of these cases stand for the proposition that, after determining the day delivery to the DOC occurred, that day is to be included as day one in the actual computation of the 180–day time period.

Indeed, one of the cases the State cites, *Andrews*, indicates the day of delivery is not included in the computation. In analyzing whether the motion in *Andrews* was

timely, the court noted that the movant was delivered to the DOC on May 7, 2007, and the 180–day time period ended on November 3, 2007, a Saturday.[3] *Andrews*, 282 S.W.3d at 376. To arrive at this end date, the court could not have included the day of delivery in the computation.

Like *Andrews*, other cases denoting specific time period end dates for filing post-conviction motions indicate the day of delivery is not included in the computation. See *Stevens v. State*, 208 S.W.3d 893, 894 (Mo. banc 2006) (noting that motion filed on February 18, 2005, was 532 days after the movant was taken into DOC custody on September 5, 2003); *Gerlt v. State*, 339 S.W.3d 578, 580 (Mo.App.2011) (finding that motion filed on September 17, 2009, was filed 181 days after the movant was delivered to the DOC on March 20, 2009); *Mackley v. State*, 331 S.W.3d 733, 735 (Mo. App.2011) (stating that 180 days from August 25, 2008, the day of the movant's delivery to the DOC, was Saturday, February 21, 2009); *Stottle v. State*, 228 S.W.3d 38, 39–40 (Mo.App.2007) (finding that, because the movant was delivered to the DOC on July 16, 2004, the last day he could file motion was January 12, 2005); *Morley v. State*, 68 S.W.3d 443, 444 (Mo. App.2001) (stating that the movant, who was delivered to the DOC on June 24, 1999, had to file motion by September 22, 1999, under rule's prior ninety-day time limit); and *Unnerstall v. State*, 53 S.W.3d 589, 590 (Mo.App.2001) (stating that the movant, who was delivered to the DOC on April 9, 1999, had to file motion by July 8, 1999, under rule's prior ninety-day time limit).

Pursuant to Rule 44.01(a), the day of Phelps's delivery to the DOC, August 21,

---

**3.** Because the last day of the period fell on a Saturday, the court further found that, pursuant to Rule 44.01(a), the period ran until the next Monday, November 5, 2007. *Andrews*, 282 S.W.3d at 376.

2009, is not to be included in computing Rule 24.035(b)'s 180–day time period. Starting with August 22, 2009, as day one, Phelps had until February 17, 2010, to file his *pro se* motion. Because Phelps filed his *pro se* motion on that day, it was timely. The circuit court clearly erred in ruling otherwise.

## Conclusion

We reverse the circuit court's order dismissing Phelps's Rule 24.035 motion as untimely and remand the case to the circuit court for further proceedings in accordance with Rule 24.035.

All Concur.