

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| KYLE MATTHEW TURNER, | ) | No. ED104164 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | Warren County |
| v. | ) | |
| | ) | Honorable Wesley C. Dalton |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent/Respondent. | ) | Filed:  November 1, 2016 |

## Introduction

Kyle Matthew Turner (Appellant) appeals from the motion court's judgment dismissing his Rule 24.035[1] motion for post-conviction relief seeking to set aside his guilty plea to two counts of first-degree robbery and two counts of armed criminal action (ACA) as untimely filed. We reverse and remand.

## Factual and Procedural Background

In exchange for his guilty plea, Appellant was sentenced to a total of seventeen years' imprisonment on August 11, 2015.  Appellant was delivered to the Department of Corrections (DOC) on August 17, 2015.  Appellant filed his *pro se* Rule 24.035 motion for post-conviction relief on February 16, 2016.

---

[1]All rule references are to Mo. R. Crim. P. 2015, unless otherwise indicated.

On February 23, 2016, the motion court entered its judgment and order dismissing the motion, stating "the Motion was filed on February 16, 2016, more than 180 days after [Appellant] was delivered to the custody of the [DOC], and, therefore…the Motion was not timely filed as required by Rule 24.035 and should be dismissed with prejudice." This appeal follows.

## Point on Appeal

In his point on appeal, Appellant claims the motion court erred in dismissing his motion as being untimely filed because the date calculation began on August 18, 2015, the day after he was delivered to the DOC, and ended on February 16, 2016, the day following a holiday weekend pursuant to Rule 44.01.[2] In its responsive brief, the State concedes the error.

## Standard of Review

Appellate review of the motion court's action on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Brooks v. State, 242 S.W.3d 705, 708 (Mo.banc 2008). The motion court's findings and conclusions are clearly erroneous only if, after the review of the record, the appellate court is left with the definite and firm impression that a mistake has been made. Id.

## Discussion

Rule 24.035(b) states in pertinent part: "If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." In computing the due date for his Rule 24.035 motion, the date Appellant was delivered to the DOC is not included in the 180 days. See 44.01(a); Vogl v. State,

---

[2]Mo. R. Civ. P. 2015.

437 S.W.3d 218, 244 n.3 (Mo.banc 2014); <u>Phelps v. State</u>, 351 S.W.3d 269, 270-71 (Mo.App. W.D. 2011).  Rule 44.01 defines the computation of time and in subsection (a) states:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included.  The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

Appellant alleged in his *pro se* Rule 24.035 post-conviction motion he was delivered to the DOC on August 17, 2015; therefore, the computation of the 180 days he had under Rule 24.035 to file his post-conviction motion began to run on August 18, 2015, since the day of the actual delivery was not to be included under Rule 44.01(a).  One hundred and eighty days from August 18, 2015, would be February 13, 2016, a Saturday.  Per the computation language in Rule 44.01(a), that Saturday, and the Sunday following it, February 14, 2016, would not be included.  Furthermore, Monday, February 15, 2016, following the Sunday was a federal holiday, President's Day, which under Rule 44.01(a) was also not included.  Appellant's Rule 24.035 post-conviction motion was due on February 16, 2016, which is the day it was filed. Thus, his motion was timely and the motion court erred in dismissing it as untimely.

In <u>Phelps</u>, 351 S.W.3d at 273, the Court reversed the circuit court's order dismissing the defendant's motion as untimely because the day he was delivered to the DOC was included in the computation of the 180 days provided in Rule 24.035(b), when it should not have been pursuant to the time computation requirements in Rule 44.01(a).

In <u>Vogl</u>, 437 S.W.3d at 221 n.3, the Court noted the day that defendant's motion was due was on a Sunday, but pursuant to Rule 44.01(a), the time period for him to file his Rule 24.035 motion ended on the Monday following the Sunday it was due.

3

Proper calculations lead to the same result in Appellant's case. Appellant's Rule 24.035 post-conviction motion was timely filed and should have been recognized as such. The motion court's dismissal of it as untimely was clearly erroneous. Appellant's point on appeal is granted.

<u>Conclusion</u>

The motion court's judgment is reversed and this cause is remanded for proceedings consistent with this opinion.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, P.J.

Roy L. Richter, J., and
Colleen Dolan, J., concur.

4