**Demon PHELPS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 75941.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 21, 1999.

Mary S. Choi, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

SHERRI B. SULLIVAN, Judge.

This appeal arises out of the trial court's dismissal of Appellant's postconviction relief motion for failure to file the motion within the statutory ninety-day period. We reverse and remand for further proceedings consistent with this opinion.

Appellant was convicted of four counts of forcible rape, in violation of Section 566.030 RSMo (1994),[1] three counts of second degree robbery, in violation of Section 569.030, three counts of first degree burglary, in violation of Section 569.160, and two counts of forcible sodomy, in violation of Section 566.060. Appellant was sentenced to six life sentences and six ten-year sentences, to be served consecutively. On August 10, 1998, Appellant filed a pro se motion for postconviction relief, pursuant to Missouri Supreme Court Rule 29.15.[2] In his motion, Appellant alleged his trial counsel was ineffective for failing to investigate and/or subpoena four alibi witnesses in his defense. Appellant sent his motion in an envelope postmarked Au-

---

**1.** All further statutory references are to RSMo (1994), unless otherwise indicated.

**2.** Appointed counsel filed an amended motion on November 23, 1998.

gust 6, 1998. The St. Louis City Circuit Clerk's Office file-stamped the envelope as received on August 10, 1998. The actual motion was not file-stamped as received until August 20, 1998. On February 10, 1999, the circuit court dismissed Appellant's postconviction motion for failure to file within the statutory ninety-day time period. Appellant timely filed notice of appeal on March 22, 1999.

Appellant maintains that the trial court erred in dismissing Appellant's postconviction motion as being untimely filed, because the file stamp on the envelope containing Appellant's motion clearly indicates that it was received by the circuit clerk's office within the statutory ninety-day time period. Appellant asserts that a dismissal of his 29.15 motion due to neglect or oversight within the circuit clerk's office would violate Appellant's rights to Due Process and Equal Protection, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Appellant also argues on appeal that the trial court clearly erred in denying his postconviction motion without an evidentiary hearing because his trial counsel was ineffective for failing to investigate and subpoena four alibi witnesses, who were able to be located, were willing and able to testify, and would have provided a complete defense to nearly every charge of which Appellant was convicted.

Rule 29.15(b) provides that a person seeking postconviction relief must file his motion within ninety days after an appellate court issues its mandate, if an appeal was taken. Appellant appealed the judgment entered upon his convictions. This Court affirmed the judgment on August 7, 1997, and issued its mandate on May 14, 1998. Thus, the deadline for filing Appellant's 29.15 motion was August 12, 1998. The Circuit Clerk's Office file-stamped the envelope in which Appellant enclosed his motion as received on August 10, 1998. However, Appellant's motion was stamped received on August 20, 1998.

"A paper is filed when it is received by the proper officer and lodged in his office." *Goodson v. State,* 978 S.W.2d 363, 364 (Mo.App. E.D.1998). The date a document is stamped as being received is evidence of the date of receipt. *Id.; State v. Spicuzza,* 806 S.W.2d 719, 722 (Mo.App. E.D.1991). Because Appellant's motion was actually received and stamped as such in the Circuit Clerk's Office on August 10, 1998, it was timely filed. The trial court erred in finding that it was not timely filed.

The trial court's dismissal of Appellant's postconviction relief motion is reversed and remanded to the trial court with instructions to review Appellant's motion to determine whether he has alleged facts to warrant a hearing. Accordingly, Appellant's second point on appeal need not be addressed.

KATHIANNE KNAUP CRANE, Judge and ROBERT G. DOWD, Jr., Judge, concur.