Marvin L. STEWART,
Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 90296.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 8, 2008.

Application for Transfer Denied
Sept. 30, 2008.

Rosalynn Koch, Columbia, MO, for appellant.

Shaun J. MacKelprang, Jayne T. Woods, co-counsel, Jefferson City, MO, for respondent.

BOOKER T. SHAW, Judge.

A jury convicted Martin Stewart of first-degree murder, first-degree assault, and two counts of armed criminal action after Stewart fired shots at Robert Alton and DeWayne Geans in 1998. Alton wasn't hit, but Geans was killed in the incident. The court sentenced Stewart as a prior offender to life without parole, 15 years, and two terms of life, respectively. This court affirmed the judgment and sentence in a *per curiam* order. *State v. Stewart,* 45 S.W.3d 502 (Mo.App. E.D.2001).

Stewart was convicted February 16, 2000, and the mandate on appeal issued July 5, 2001. His motion for post-conviction relief was due October 3, 2001, but it was filed-stamped October 4. As a result, the trial court initially denied the motion as untimely in an order dated July 2, 2002. Then on October 13, 2006, upon a motion by Stewart, the court implicitly vacated its earlier order, reviewed the merits of Stewart's post-conviction claims, and ultimately denied relief. Stewart seeks this court's review on three claims: (1) that the jury foreman was subjected to outside influences when he overheard a comment by Stewart's mother in the courthouse elevator, (2) that trial counsel was ineffective for failing to call Movant's friend Phillip Dotson as a witness, and (3) that trial counsel was ineffective for failing to object

to the State's negative inference about Dotson's silence.

■ As a threshold matter, the State challenges this court's jurisdiction, asserting that the motion court lacked jurisdiction to entertain Stewart's motion in 2006 after denying it as untimely in 2002. Evidence in the record suggests that the clerk's office actually received Stewart's original *pro se* motion October 1, 2001, in which case it would have been timely. *See Phelps v. State*, 21 S.W.3d 832 (Mo.App. E.D.1999) (motion for post-conviction relief was timely when it was actually received by court clerk's office before deadline, even though motion was stamped as received after deadline). Despite Stewart's insistence and the availability of postal records indicating that the motion was delivered on time, appointed counsel failed to investigate and instead simply requested leave to file out of time. The court denied that request, so counsel terminated representation without ever filing an amended motion.

■ Under Rule 75.01, a motion court retains jurisdiction to vacate, reopen, correct, amend, or modify a judgment within 30 days following its entry. A dismissal is a judgment for purposes of starting the clock. *See Wise v. State*, 219 S.W.3d 270, 272–273 (Mo.App. S.D.2007). The court has no jurisdiction to reopen a judgment beyond the 30–day limit except to address claims of abandonment by post-conviction counsel. *Robinson v. State*, 211 S.W.3d 162, 163 (Mo.App. E.D.2007). "Only a narrow category of cases will rise to the level of abandonment." *Walker v. State* 194 S.W.3d 883, 884 (Mo.App. E.D.2006). "Abandonment occurs when post-conviction counsel fails to timely file an amended motion, fails to amend movant's *pro se* motion *without explanation,* or files an amended motion that is so patently defective that it amounts to a nullity." *Robinson* at 163 (emphasis added). Similarly,

abandonment is recognized when "post-conviction counsel takes *no action* on a movant's behalf with respect to filing an amended motion." *Walker* at 885 (emphasis added).

Stewart alleges that his post-conviction counsel abandoned him by failing to investigate the timeliness of his original *pro se* motion and consequently failing to file an amended motion. But counsel took *some action* and had *some explanation.* She requested leave to file out of time, and the court essentially forbade her from filing an amendment based on their shared belief that it was untimely. While Stewart frames the issue as abandonment in order to fit within the exception to Rule 75.01, he actually asserts a claim of ineffective assistance of post-conviction counsel for her failure to investigate the facts surrounding delivery and receipt of Stewart's *pro se* motion. That claim, alas, is "categorically unreviewable." *Robinson* at 163.

Because the motion court lacked jurisdiction to consider the merits of the case, we have no jurisdiction to review. *Simmons v. State*, 190 S.W.3d 558, 560 (Mo. App. E.D.2006). The motion court's order, which by its ruling on the merits implies to the contrary, is vacated.

DISMISSED.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.