PATRICIA BRECKENRIDGÉ, Judge.
The motion court dismissed Mark Vogl’s Rule 24.035 motion for post-conviction relief, without an independent inquiry, after appointed post-conviction counsel filed a motion to rescind appointment of counsel that informed the court that Mr. Vogl’s pro se motion was stamped “filed” after the last day permitted by the rule. Thereafter, Mr. Vogl filed the motion at issue to reopen his post-conviction proceedings, claiming that his counsel abandoned him *221 by failing to investigate the timeliness of his post-convietion motion before counsel filed a motion to rescind appointment of counsel. The motion court entered judgment overruling Mr. Vogl’s motion. Mr. Vogl appeals. After an opinion by the court of appeals, this Court granted transfer. Mo. Const, art. V, sec. 10. Because the record raises the presumption that Mr. Vogl was abandoned by his post-conviction counsel, the motion court clearly erred in dismissing Mr. Vogl’s motion. The judgment is reversed, and the cause is remanded.
Facts and Procedural Background
On June 21, 2007, Mr. Vogl pleaded guilty to two felony counts of first-degree statutory sodomy under section 566.062.[1] He then was sentenced by the circuit court to 15 years imprisonment on each count, with the sentences to run concurrently. After pronouncing the sentence, the circuit court informed Mr. Vogl of his right to seek postconviction relief under Rule 24.035. On September 18, 2007, Mr. Vogl was delivered to the Missouri Department of Corrections (“DOC”) to serve his sentence. He did not appeal his conviction.
Under Rule 24.035, Mr. Vogl had to file a timely Rule 24.035 motion to seek post-conviction relief.[2] In light of his delivery date to the DOC, Mr. Vogl’s post-conviction motion had to be filed on or before March 17, 2008.[3] The docket sheet and file stamp on Mr. Vogl’s motion reflect that his pro se motion was filed in the Joplin office of the Jasper County circuit clerk on March 18, 2008.
Upon the filing of Mr. Vogl’s post-conviction motion, the motion court appointed post-conviction counsel to represent Mr. Vogl in the proceeding. Thirteen days later, Stephen J. Harris, the area district defender for the Missouri State Public Defender, filed a motion requesting that the appointment of counsel be rescinded. In his motion, appointed counsel alleged that Mr. Vogl’s Rule 24.035 motion was untimely because Mr. Vogl was delivered to the department of corrections on September 18, 2007, and Mr. Vogl’s motion was stamped “filed” 182 days later. The certificate of service indicates that the motion to rescind was served only on the prosecuting attorney, and there is nothing in the circuit court record to indicate that Mr. Vogl received service or notification of appointed counsel’s filing of the motion to rescind appointment of counsel. Six days later, without a hearing or independent inquiry, the motion court entered an order rescinding its previous order appointing counsel and dismissing the case with prejudice because the court found that “[fjurther review of the file indicates that the motion was not timely filed.”
*222 On March 17, -2011, Mr. Yogi fíled a motion titled “Motion to Reinstate Post-conviction Action Brought Pursuant To Rule 24.035 On Basis of Timely Filing, And To Vacate Order Rescinded [sic] Appointment of Counsel and Dismissing 24.035 Action.” Specifically, the 2011 motion claimed that his pro se Rule 24.035 motion was timely filed and, even if filed in the wrong court, should have been considered timely filed and transferred to the proper court rather than dismissed. In addition, Mr. Vogl alleged that he had been abandoned by his appointed counsel. On November 4, 2011, the motion court, without holding an evidentiary hearing, entered an order refusing to take any further action on the basis that Mr. Vogl’s post-conviction proceedings previously had been dismissed with prejudice due to untimely filing.[4]
On May 11, 2012, Mr. Vogl filed the pro se motion presently at issue requesting that the motion court adjudicate his post-conviction proceedings because- he was abandoned by his appointed counsel.[5] In his motion, Mr. Vogl requested that the motion court hold an evidentiary hearing to determine the merits of his claim of abandonment. For support, Mr. Vogl made the following allegations pertaining to the filing of his pro se motion and his appointed counsel’s representation:
• The April 16, 2008 motion to rescind appointment of counsel filed by post-conviction counsel was filed without any consultation with Mr. Vogl.
*223 • If post-conviction counsel had consulted with Mr. Vogl, he would have obtained facts that would have proved the timely filing of Mr. Vogl’s motion.
• Post-conviction counsel’s alleged failure to investigate the circumstances surrounding the filing of Mr. Vogl’s Rule 24.035 motion before filing the motion to rescind appointment of counsel constituted abandonment and noncompliance with Rule 24.085 because he filed neither an amended motion for post-conviction relief nor a statement explaining that all facts and claims had been asserted in the pro se motion.
• Mr. Vogl never received notification that his counsel intended to file a motion to rescind counsel’s appointment. If he had been notified, he would have attempted to contact the court to request a hearing on the motion.
Attached to Mr. Vogl’s motion were two exhibits — letters from the Jasper County circuit clerk’s office written in response to Mr. Vogl’s inquiries regarding the Jasper County circuit clerk’s office procedures for receiving and forwarding mail from one clerk’s office to the other.
Jasper County maintains two courthouses — one in Carthage, which is the county seat, and the other in Joplin. Mr. Vogl alleges that he mailed his pro se Rule 24.035 motion to the Jasper County circuit clerk’s office in Carthage on March 12, 2008, and it arrived there on March 17, 2008. On the same day, after recognizing that the file regarding his criminal conviction was at the Joplin office, the Carthage office forwarded the motion to the Joplin office without first stamping the motion as filed. When the Joplin office received Mr. Vogl’s pro se motion, it then stamped it “filed” for the first time on March 18, 2008.
The first letter attached to Mr. Vogl’s motion articulates the clerk’s office procedure when forwarding mail to the correct office location. The letter states that the Carthage office received Mr. Vogl’s motion, determined that it belonged in the Joplin office, and sent it to the Joplin office a day later. Specifically, the letter states:
1. Mail is received in whichever office the envelope is addressed to (in the above referenced case, Jasper County Clerk — not Jasper County Circuit Clerk — two (2) totally different offices);
2. When mail is opened and determined to belong to a different office in the Courthouse, the mail is taken to the correct office (in this case the correct office was the Jasper County Circuit Clerk’s office);
3. Jasper County Circuit Clerk’s Office in Carthage determined your original case was handled in the Joplin location and any subsequent filings must also be filed in the Joplin location and placed your documents in a basket for our “runner” to pick up to deliver to Joplin. Our “runner” picks up every afternoon in Carthage and delivers to the Circuit Clerk’s Office in Joplin the following morning. He also delivers mail received in Joplin that needs to go to Carthage.
After receiving the first letter, Mr. Vogl wrote a letter, dated June 27, 2010, to the Jasper County circuit clerk asking when his pro se post-conviction motion initially was received by the Carthage office, not when the Joplin office received it after the Carthage office forwarded it.[6] The second *224 letter from the clerk’s office was written in response to Mr. Vogl’s June 27, 2010, letter. It states that, if it takes three days for Mr. Vogl’s motion to get from Cameron to the Carthage office as Mr. Vogl had said, then it would follow that the Carthage office received his pro se motion on March 17, 2008. The deputy circuit clerk further stated that the envelope containing the original pro se motion was not in the clerk’s file. The actual text of the letter states:
According to your letter dated March 12, 2008, your Motion was being mailed without copies since your housing unit was locked down and it needed to be mailed immediately. It is my presumption that your Motion went out in the next morning’s mail, being Thursday, March 18, 2008. If, as you state, mail takes three (3) days from Cameron to Carthage, that would put it being received on Sunday, March 16, 2008 on which there is no mail delivery subsequently being delivered to our Carthage office on Monday, March 17, 2008 and received in our Joplin office on Tuesday, March 18, 2008.
On Mondays, when we receive an abundant amount of mail, it is our normal procedure for mail to be delivered to another office to stamp one (1) envelope with the date received and then rubber band anything else to that piece of mail.
The motion court overruled Mr. Vogl’s motion and request for evidentiary hearing. The court stated that Mr. Vogl’s post-conviction action previously had been dismissed with prejudice as untimely. Thereafter, Mr. Vogl timely appealed. The case was transferred to this Court after opinion by the court of appeals. Mo. Const, art. V, sec. 10.
Standard of Review
When a motion court overrules a motion claiming abandonment by post-conviction counsel, appellate review is limited to a determination of whether the motion court’s findings and conclusions are clearly erroneous. Gehrke v. State, 280 S.W.3d 54, 56 (Mo. banc 2009). After reviewing the entire record, a motion court’s findings and conclusions are clearly erroneous only if the reviewing court is “left with the definite and firm impression that a mistake has been made.” Price v. State, 422 S.W.3d 292, 294 (Mo. banc 2014).[7]
Analysis
Mr. Vogl claims that the motion court erred in overruling, without an evidentiary hearing, his motion claiming abandonment by post-conviction counsel. In his motion, Mr. Vogl alleges that post-conviction counsel abandoned him by not investigating to ascertain the facts regarding the timeliness of the filing of his pro se post-conviction motion.[8] Mr. Vogl alleges in his mo *225 tion that, if post-conviction counsel would have contacted him regarding the circumstances of the filing of the pro se post-conviction motion rather than relying on the erroneous file stamp, counsel would have learned that the pro se motion was, in fact, filed timely. Specifically, he alleges that appointed counsel would have discovered that Mr. Vogl’s motion was received timely by the Jasper County circuit clerk but was stamped with an incorrect date by the circuit clerk.
In Jasper County, there is a courthouse in Carthage, the official county seat. Jasper County maintains a second courthouse in Joplin, as authorized by section 71.300, RSMo 2000. The Jasper County circuit clerk has offices in both courthouses. The documents attached to Mr. Vogl’s motion state that the circuit clerk has a practice of stamping documents received by the circuit clerk’s office as “filed” only when the document is received by the office where the file for the case is physically located. Under the 29th Judicial Circuit’s local court rule, Local Rule 4.3, “all circuit court actions shall be filed with the Circuit Court Clerk of this County in Joplin or Carthage.” Because Mr. Vogl’s pro se motion was an initial pleading commencing an independent civil action, see Cowans v. State, 778 S.W.2d 758, 761 (Mo.App. 1989), he was permitted to file it in either Joplin or Carthage per Local Rule 4.3.
Moreover, the offices are one and the same, and documents are filed when they are received by either office. A pleading is deemed filed at the time it is received by the clerk of a circuit court. Rule 43.02(b). See also Stephan v. World Wide Sports, Inc., 502 S.W.2d 264, 269 (Mo.1973).[9] Ac- *226 eordingly, upon receipt of a pleading, the Jasper County circuit clerk immediately should stamp the pleading as filed, regardless of whether the clerk believes it would go into a file at the clerk’s office in the other Jasper County courthouse. If the clerk did not do so and, instead, forwarded the pleading to a different office location without a file stamp, the Jasper County circuit court would have been operating under procedures that are contrary to Rule 43.02(b).[10] Therefore, if Mr. Vogl can prove that his pro se motion arrived at either office of the circuit clerk of Jasper County on or before March 17, 2008, the motion was filed timely.
In this appeal, Mr. Vogl claims that counsel’s failure to ascertain the true date of filing and subsequent failure to file an amended motion alleging facts to prove the timeliness of his pro se motion constitutes abandonment. He maintains that he is entitled to an evidentiary hearing on his motion claiming abandonment by post-conviction counsel so he can have the opportunity to offer proof of the facts alleged in his motion. Ultimately, Mr. Vogl seeks to have his Rule 24.035 claims adjudicated on their merits.[11]
Rule 24.035 provides the exclusive procedure by which a person convicted of a felony on a guilty plea may seek post-conviction relief. Rule 24.035(a). As a threshold to achieving post-conviction relief, the movant first must file a timely Rule 24.035 motion. Rule 24.035(b). See also Price, 422 S.W.3d at 296. When a pro se motion is filed by an indigent movant, the court shall cause counsel to be appointed to represent the movant. Rule 24.035(e). Thereafter, appointed counsel must file either an amended motion to compensate for any deficiencies in the pro se motion or, in the alternative, a statement explaining the actions counsel took to ensure that no amended motion is needed. Rule 24.035(e).
In a motion filed pursuant to Rule 24.035, the movant “must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing. The movant also must allege facts establishing the motion is timely filed.” Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012). In addition to making said factual allegations, the movant also must prove those allegations. Id. The burden of alleging and proving that the motion is timely filed can be met by the movant in one of three ways: (1) by filing the original pro se motion timely so that the file stamp on the motion reflects that it is filed within the time limits proscribed in the rule; (2) alleging in the original pro se motion and proving by a preponderance of the evidence that the movant’s circumstances fall within a recognized exception to the time limits; or (3) alleging in the amended motion and proving by a preponderance of the evidence that the circuit court misfiled the motion.[12] Id. If the timely filing of an *227 original post-conviction motion is not proven, the motion court will regard the untimely motion as a “complete waiver” of any right to proceed under Rule 24.035. Rule 24.035(b); Price, 422 S.W.3d at 296.
The first two methods to prove timely filing were not available to Mr. Vogl as the date of filing reflected on his original pro se motion is a date past the filing deadline and, at the time he drafted his pro se post-conviction motion, he could not have been aware of that fact. Therefore, Mr. Vogl was left with only the last method of proving timeliness — filing an amended motion alleging facts and then proving that the court misfiled his original pro se motion.[13] Id. Because appointed counsel did not file an amended motion, Mr. Vogl was deprived of the opportunity to employ this method of proof.
Unlike an original motion, which the movant is responsible for pleading and filing, an amended motion is a final pleading, which requires legal expertise. Gehrke, 280 S.W.3d at 57. Therefore, even though the burden of proving that the original pro se motion was filed timely continues to rest with the movant, alleging said timeliness through an amended motion requires the movant to depend on post-conviction counsel. This dependency is recognized in Rule 24.035, which articulates the duties owed by appointed counsel to a movant. Rule 24.035 reads:
Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion- that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion.
Rule 24.035(e) (emphasis added).
As stated by Rule 24.035(e), appointed counsel is charged with the duty to “ascertain” whether the pro se motion asserts sufficient facts to support the movant’s claims for relief and ensure that the mov-ant has included all claims “as a basis for attacking the judgment and sentence.” Id. Inherent in the “sufficient facts to support the movant’s claims for relief” are facts that would prove the timely filing of the original pro se motion because a movant is prohibited from proceeding in a post-conviction action if the original motion was filed untimely. Rule 24.035(b); Dorris, 360 S.W.3d at 267.
Mr. Vogl asserts that appointed counsel’s failure to ascertain that there were facts that would prove the timeliness of his pro se motion and to file an amended motion alleging those facts constitutes abandonment sufficient to allow him a remedy. In Price, this Court recently clarified what circumstances will constitute abandonment by post-conviction counsel. 422 S.W.3d at 298-307. Reaffirming Lu *228 leff v. State, 807 S.W.2d 495 (Mo. banc 1991), and Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991), Price held that “a client is not bound by the actions or inac-tions of his counsel [when] ... the client is an indigent inmate who initiates a timely post-conviction proceeding and his court-appointed counsel’s failure to fulfill the duties imposed by Rule [24.085] is not merely incompetent but tantamount to the motion court having failed to appoint counsel at all.” 422 S.W.3d at 303. A movant is abandoned when appointed counsel fails to comply with the requirements in Rule 24.035(e) by not filing either an amended motion or a statement setting out facts that demonstrate the actions that were taken to ensure that an amended motion is not needed. Id.
This Court has outlined when a motion court is required to conduct an independent inquiry of a claim of abandonment of a post-conviction movant by appointed counsel. See McDaris v. State, 843 S.W.2d 369, 371 (Mo. banc 1992);[14] Moore v. State, 934 S.W.2d 289 (Mo. banc 1996). In McDaris, appointed counsel filed an amended Rule 24.035 motion two days late. 843 S.W.2d 369 at 371. The state filed a motion to dismiss both the pro se and amended motions for post-conviction relief. Id. Regarding the state’s allegation that the amended motion was filed after the deadline, there was an in-court inquiry by the motion court of appointed counsel regarding the reason for the late filing of the amended motion. Id. Counsel advised the motion court that counsel had difficulty getting the amended motion “back from the penitentiary and filing it,” but claimed to have filed it as soon as receiving it in the mail from Mr. McDaris. Id. The motion court dismissed the amended motion and overruled Mr. McDaris’s pro se motion without further inquiry. Id.
Mr. McDaris appealed the motion court’s judgment, alleging “that motion counsel abandoned him by failing to file the amended motion on time, or at least that the trial court did not adequately investigate abandonment.” Id. This Court ruled that the motion court’s inquiry was insufficient. Id. at n. 1. The Court held:
[T]he trial court should, as part of its independent inquiry under Luleff, inquire not only of postconviction counsel, but ensure that movant is informed of counsel’s response and given an opportunity to reply. The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing. However, a sufficient record must be made to demonstrate on appeal that the motion court’s determination on the abandonment issue is not clearly erroneous.

Id.

Two post-conviction movants, Dale E. Moore and Jacob Carr, cited this rule from McDaris as support for their assertions that there was not sufficient inquiry by the motion courts of their claims that they were abandoned by appointed counsel despite counsel filing timely statements that counsel had decided to rely on each mov-ant’s pro se motion. Moore, 934 S.W.2d at 290. The Court stated, “McDaris does not *229 require a response from movants when postconvietion counsel files a timely statement setting out sufficient reasons for counsel’s decision to rely on the pro se motion.” Id. The Court stated that, “where the record shows on its face that post-conviction counsel did not abandon movant, there is no need to proceed to such an inquiry.” Id. at 292.
The Court then reviewed the movants’ individual claims that they were abandoned by their appointed counsel, who each filed a statement that counsel had decided to rely on movant’s pro se motion rather than file an amended motion. Id. at 290. The Court reviewed the content of the appointed counsels’ statements. Id. at 290-91. The Court found that Mr. Moore was not abandoned because his appointed counsel’s timely affidavit “declared complete familiarity with the record and announced a reasoned decision that counsel would not file an amended motion” and “[t]here [was] simply nothing in the record to support a claim that postconvietion counsel abandoned Moore.” Id. at 292.[15]
In contrast, the Court found that the record in Mr. Carr’s case raised the presumption that he was abandoned by his appointed counsel. Id. Citing the requirement in Rule 24.035(e) that counsel is required to “ascertain whether sufficient facts supporting the grounds are asserted in the motion and whether the movant has included all grounds known to him as a basis for attacking the judgment and sentence^]” the Court found the statement filed by Mr. Carr’s counsel “shows on its face that counsel took neither of the two actions required by Rule 24.035(e).” Id. The Court found that counsel’s statement that he had reviewed Mr. Carr’s file “with the exclusion of the transcripts of the guilty plea hearing the sentencing hearing ..., and movant’s pro se motion” was “tantamount to a confession of abandonment.” Id. at 290, 292 (internal quotation marks omitted). The Court found that a McDar-is hearing was required because “the face of the record raises the presumption of abandonment to which Lulejf and Sanders refer.” Id. at 292.
Accordingly, when the record raises a presumption of abandonment because appointed counsel has failed to comply with the requirements in Rule 24.035(e) that counsel file a timely amended motion or a statement setting out facts that demonstrate counsel’s actions to ensure no amended motion is needed, a motion court must conduct a sufficient independent inquiry of a post-conviction movant’s claim of abandonment. Moore, 934 S.W.2d 289, 291-92; McDaris, 843 S.W.2d at 371 n. 1. When the record refutes the claim of abandonment, however, no independent inquiry is required of the motion court. Id.
Here, Mr. Vogl’s appointed counsel failed to comply with Rule 24.035(e) because he did not file either an amended motion or a statement setting out facts demonstrating that counsel took actions to ensure why no amended motion was needed. Instead, appointed counsel filed a motion to rescind appointment of counsel.[16] Importantly, appointed coun *230 sel’s characterization of his request to terminate his representation of Mr. Vogl as a “motion to rescind appointment of counsel” rather than a “motion to withdraw” does not relieve counsel of his duty to provide Mr. Vogl with the representation required under Rule 24.035. No matter the nomenclature, counsel had responsibilities under Rule 24.035(e) that arose upon counsel’s appointment that counsel failed to fulfill.[17]
The record in this case raises a presumption of abandonment by appointed counsel because it reflects that counsel did not comply with the requirements in Rule 24.035(e) by filing either an amended motion or a statement setting out facts demonstrating the actions taken by counsel ensured that no amended motion was necessary. Therefore, the motion court was required to conduct an independent inquiry of Mr. Vogl’s claim of abandonment. It did not do so. Accordingly, the motion court clearly erred in overruling Mr. Vogl’s motion claiming abandonment by post-conviction counsel.
Conclusion
In post-conviction proceedings, an essential element of a movant’s claim in attacking the movant’s conviction and sentence is that the movant’s original pro se post-conviction motion was timely filed. If a timely filed motion appears to be filed untimely due to misfiling by the circuit court, a pro se movant may allege facts that prove the misfiling and the timeliness of the original motion in an amended motion filed by appointed postconviction counsel. When the record shows that appointed counsel did not file either an amended motion or a statement setting out facts demonstrating what actions counsel took to ensure that no amended motion was needed, there is a presumption of abandonment by appointed counsel. Because the record in Mr. Vogl’s case shows that no amended motion or statement was filed by appointed counsel, it raises the presumption of abandonment, and the motion court erred in not conducting an independent inquiry. The judgment is reversed, and the cause is remanded.
RUSSELL, C.J., STITH, DRAPER, and TEITELMAN, JJ., concur.
FISCHER, J., dissents in separate opinion filed; WILSON, J., dissents in separate opinion filed.
FISCHER, J., concurs in opinion of WILSON, J.

. All statutory references are to RSMo Supp. 2013, unless otherwise specified.

. Rule 24.035(b) provides:
A person seeking relief pursuant to this Rule 24.035 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form No. 40.
If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections.

. In computing the due date, the date that Mr. Vogel was delivered to the DOC is not included in the 180 days. See 44.01(a); Phelps v. State, 351 S.W.3d 269, 270-71 (Mo. App.2011). The actual last date for Mr. Vogl's Rule 24.035 motion to be filed would have been Sunday, March 16, 2008. However, Rule 44.01(a) provides that if a period of time ends on a Saturday, Sunday, or legal holiday, the deadline is extended to the end of the next day that is not a Saturday., Sunday, or legal holiday. Therefore, the time period for Mr. Vogl to file his Rule 24.035 motion ended on Monday, March 17, 2008.

. Judge Wilson, in his dissent, would find that the disposition of Mr. Vogl’s March 17, 2011, motion precludes consideration of Mr. Vogl’s current motion claiming abandonment by post-conviction counsel. Judge Fischer agrees, using multiple references in his dissent to Mr. Vogl’s current motion being the third motion he has filed. The state did not assert in the court of appeals or in this Court that the disposition of Mr. Vogl’s March 17, 2011, motion is a procedural bar to the adjudication of his current motion. Nevertheless, the dissents, sua sponte, raise this issue that was not briefed or argued relying on Rule 24.035(1 )'s prohibition of successive motions. The context of the prohibition in Rule 24.035(1) makes it clear that the rule references only post-conviction motions and not motions raising claims of abandonment by post-conviction counsel because Rule 24.035 does not reference or establish procedures for claims of abandonment. Likewise, this Court's holdings that there cannot be a waiver of tire mandatory time limits in Rule 24.035 are referencing the deadlines for the filing of initial motions for post-conviction relief and were not made in the context of motions claiming abandonment by post-conviction counsel. See Price v. State, 422 S.W.3d 292, 297 (Mo. banc 2014); Dorris v. State, 360 S.W.3d 260, 266-69 (Mo. banc 2012); Smith v. State, 887 S.W.2d 601, 602-03 (Mo. banc 1994).
Judge Fischer and Judge Wilson urge in their dissents that this Court deny Mr. Vogl’s claim, citing cases that would allow this Court, sua sponte, to find that the doctrine of res judicata bars review. Because the motion court dismissed Mr. Vogl’s current abandonment claim as procedurally barred on the ground that his Rule 24.035 action was dismissed with prejudice for the untimely filing of his original pro se motion and Mr. Vogl's claim of abandonment never has been adjudicated on the merits, this Court declines to do so.

. Mr. Vogl titled his pleading a “Motion to Reopen Postconviction Proceeding and Request for Hearing." In Eastbum v. State, this Court held that the proper terminology for a motion claiming abandonment of post-conviction counsel is a motion for post-conviction relief due to abandonment and not a motion to reopen post-conviction proceedings. 400 S.W.3d 770, 774 (Mo. banc 2013). This case, like Eastbum, does not allege active interference in the timely filing of the original motion but, rather, that appointed post-conviction counsel abandoned him by not proceeding as required by Rule 24.035(e). The terminology suggested by Eastbum has led to confusion between motions claiming abandonment and motions for post-conviction relief, as evidenced by the dissents. To avoid such confusion, Mr. Vogl’s motion will be referred to as a motion claiming abandonment by post-conviction counsel.

. Consistent with Mr. Vogl’s allegation regarding the handling of his pro se motion, his letter was stamped "filed” in the clerk's Carthage office on July 1, 2010. That file stamp is crossed out. A second file stamp by the circuit clerk's Joplin office is dated July 2, *224 2010. In addition, the fact that Mr. Vogl’s letter was dated June 27, 2010, and stamped as filed for the first time on July 1, 2010, supports his contention that a letter leaves the DOC in Cameron the day after it is dated and takes three days to be delivered from Cameron to the circuit clerk’s office in Carthage.

. In Price, the movant filed a post-conviction motion pursuant to Rule 29.15, which is the post-conviction rule applicable to movants convicted of a felony after trial. Rule 29.15 contains certain substantive provisions that are identical to provisions in Rule 24.035, applicable to movants who have pleaded guilty. See Rule 29.15. Accordingly, case law interpreting a provision that is identical in both rules applies equally in proceedings under either rule. See Moore v. State, 934 S.W.2d 289, 290 (Mo. banc 1996).

. While Judge Fischer’s dissent asserts, sua sponte, that any claim of abandonment should be raised during the course of a movant’s initial post-conviction proceeding, this Court has held otherwise. In State ex ret. Nixon v. Jaynes, this Court suggested in dicta that a movant, by raising a claim of abandonment, *225 could seek post-conviction relief more than ten years after the motion court had overruled the movant's initial pro se post-conviction motion. 63 S.W.3d 210, 217-18 (Mo. banc 2001). Then, in a 2008 decision, this Court addressed the issue raised by Judge Fischer's dissent in this case and expressly held that "the abandonment doctrine provides a narrow exception permitting the circuit court to re-open an otherwise final post-conviction case.” Taylor v. State, 254 S.W.3d 856, 858 (Mo. banc 2008). Since Taylor, this Court has continued to address claims of abandonment raised in motions that, like Mr. Vogl's, were made after all opportunities to challenge the motion court’s initial denial of post-conviction relief, whether it be via a Rule 75.01 motion, direct appeal, or a motion for leave to file an appeal out of time, had expired. See Eastbum, 400 S.W.3d at 774 (motion claiming abandonment by appointed counsel was filed approximately 13 years after the motion court denied initial relief); Gehrke, 280 S.W.3d at 57 (motion claiming abandonment by appointed counsel was filed more than seven years after the motion court denied relief); Crenshaw v. State, 266 S.W.3d 257, 259 (Mo. banc 2008) (motion claiming abandonment by appointed counsel was filed more than two years after the motion court denied relief).
Judge Fischer’s dissent concedes that the aforementioned cases from this Court permit the filing of a motion to reopen otherwise final post-conviction proceedings. Nevertheless, his dissent asserts that the decisions in these cases are not precedent for finding that Mr. Vogl’s motion is not procedurally barred. In reaching that conclusion, Judge Fischer misinterprets this Court's decision in Taylor when he states that Taylor's "pronouncement that abandonment of post-conviction counsel serves as a ‘narrow exception’ to [Rule 75.01] ... was not necessary to the judgment, and is not a ‘holding’ of this Court.” To the contrary, this Court's holding in Taylor was a consideration of whether a motion claiming abandonment' filed after a post-conviction judgment is final was procedurally barred, and the Court found that it was not. Taylor, 254 S.W.3d at 858. The Court then ruled on the merits of Mr. Taylor’s claim of abandonment. Id. This discussion by the Court in Taylor is not dictum. State ex rel. Anderson v. Hostetter, 346 Mo. 249, 140 S.W.2d 21, 24 (1940) (dicta are "expressions of opinion, not in anywise necessary for the actual decision of any question before the court”).

. Stephan cites to former Rule 43.01(j), the subject matter of which now is articulated in Rule 43.02. 502 S.W.2d at 269. Rule 43.02(b) provides that “the filing of pleadings *226 and other papers with the court as required by Rules 41 through 101 shall be made by filing them with the clerk of the court[.]”

.On November 18, 2013, Japser County implemented an electronic filing system, which likely has eliminated the practice of forwarding court filings to another office location in most cases. Electronic filing is not available to pro se litigants, however, so it will not eliminate the practice in post-conviction cases.

. If the motion court determines, after an inquiry, that Mr. Vogl was abandoned, the appropriate remedy is the appointment of new counsel with the allowance of time for that counsel to proceed anew as required by Rule 24.035(e). Price, 422 S.W.3d at 298; Luleff v. State, 807 S.W.2d 495, 498 (Mo. banc 1991).

. It is possible that a movant would not be aware that movant's circumstances fall within a recognized exception to the filing time lim *227 its of the post-conviction rules at the time that the pro se motion was filed. Accordingly, a movant is given the opportunity to raise those allegations in an amended motion.

. When a pro se post-conviction motion is received by a circuit clerk’s office before the end of the filing period set by rule but appears to be untimely due to clerk error, the motion is, in fact, filed timely. See Graves v. State, 372 S.W.3d 546, 549 (Mo.App.2012); Phelps v. State, 21 S.W.3d 832, 833 (Mo.App.1999).

. There has been confusion as to whether McDaris was overruled by State v. Carson, 941 S.W.2d 518, 520 (Mo. banc 1997). While the appendix in Carson listing the cases it overrules includes McDaris, the reference to McDaris was only for the purpose of indicating that State v. Lucas, 809 S.W.2d 54 (Mo.App.1991), which was being overruled by Carson, previously was overruled by McDaris on other grounds. Therefore, the decision in McDaris is still good law and of precedential authority.

. The affidavit filed by Mr. Moore’s appointed counsel indicated that counsel "had reviewed the record, had inquired of movant regarding the existence of additional claims or facts relating to the post-conviction motion, had explained to movant his rights under Rule 24.035 and determined that Moore’s pro se motion ‘includes all colorable post-conviction claims known to movant or counsel' ” Id. at 290.

. Mr. Vogl alleges — and the certificate of service and docket sheet reflect — that he never was notified that counsel filed the motion to rescind appointment of counsel. When counsel terminates representation of a client, *230 counsel has a duty to protect the client’s interest; "[o]ne step necessary to protect a client's interest is giving notice to the client” of the attorney’s intention to terminate representation. In re Coleman, 295 S.W.3d 857, 866 (Mo. banc 2009).

. The court of appeals has held that no abandonment occurs when appointed counsel notifies the motion court that a movant's pro se motion was untimely without filing either an amended motion or a statement explaining why no amended motion is needed. Stewart v. State, 261 S.W.3d 678, 679 (Mo.App.2008); Morgan v. State; 8 S.W.3d 151, 154 (Mo.App.1999). This Court disagrees. To the extent Stewart and Morgan incorrectly held such inaction by appointed counsel does not constitute abandonment, the cases are overruled.