Thomas H. Newton, Judge
Mr. Blake C. Jamison appeals a Henry County Circuit Court judgment denying and overruling his pro se motion to vacate, set aside, or correct the judgment or sentence. The court found his motion untimely. Mr. Jamison argues that the motion court violated his rights of due process and access to the courts by denying his Rule 24.035 post-conviction motion without appointing counsel and allowing the filing of an amended motion. The State has conceded that our ruling in Naylor v. State of Missouri , No. WD80774, --- S.W.3d ----, 2018 WL 6047971 (Mo. App. W.D. Nov. 20, 2018), resolves the issue in a manner adverse to its position and that the case must therefore be reversed and remanded. We agree, reverse the court's judgment and remand for the appointment of counsel and further proceedings.
Mr. Jamison pleaded guilty in February 2017 to second-degree murder, a class A felony. The court sentenced him to twenty-two years in the Department of Corrections and informed him of his post-conviction rights. Mr. Jamison signed a post-conviction relief rights notice. Accordingly, he knew that, if he did not file an appeal, he was required to file a post-conviction motion under Rule 24.035 within one-hundred-eighty days of the date he was delivered to Missouri Department of Corrections' custody.[1] Mr. Jamison did not file an appeal; he was delivered to the Department of Corrections on February 28, 2017. The last date for him to file a Rule 24.035 motion was August 28, 2017. Finding that Mr. Jamison did not file a *732 pro se post-conviction motion to vacate, set aside, or correct the judgment of sentence until September 5, 2017, the date on which the motion was file stamped in the Henry County Circuit Court, the motion court denied and overruled it as untimely without appointing counsel or holding a hearing. Counsel voluntarily entered an appearance on Mr. Jamison's behalf in October 2017, and we granted a motion for leave to file notice of appeal out of time. Mr. Jamison then timely brought this appeal.
Legal Analysis
Because Rule 24.035(e) requires the appointment of counsel for an indigent movant who files a pro se motion and allows counsel to file an amended motion to raise additional facts and claims, Mr. Jamison contends in the point relied on that the motion court erred in denying his motion without appointing counsel in violation of his due process and court-access rights. He focuses in particular on the applicability of the new mailbox rule to post-conviction motions that are not timely filed but are purportedly given to prison personnel for mailing on or before the post-conviction filing deadline.[2]
First, Mr. Jamison addresses whether he is properly deemed an indigent movant. He argues that his motion to proceed in forma pauperis, filed at the same time as his Rule 24.035 motion, satisfies the requirement of the "standard Forma Pauperis Affidavit appending the Form 40" because it is notarized and alleges "information that establishes that movant will be unable to pay costs of the proceeding." If we fault him for not filing the correct paperwork, Mr. Jamison also argues that he still qualifies as an indigent movant in that he was represented during the plea and sentencing hearing by a public defender. We have no reason to dispute that he qualifies as an indigent movant, and we, in fact, granted his motion to proceed in forma pauperis before this Court.
Mr. Jamison argues that the motion court was required to appoint counsel to correct any deficiencies in the pro se motion, including questions of timeliness, under Rule 24.035(e) and Pope v. State , 87 S.W.3d 425, 427 (Mo. App. W.D. 2002).[3] According to Mr. Jamison, Rule 24.035(c) requires the appointment of counsel "[w]hen an indigent movant files a pro se motion," and that this rule does not distinguish between timely and untimely filed motions. We agree that the rule does not include the word "timely." Citing *733 Vogl v. State , 437 S.W.3d 218 (Mo. banc 2014),[4] we ruled in Naylor that the motion court's failure to appoint post-conviction counsel even where the movant's pro se motion is facially untimely, is error. Naylor , --- S.W.3d at ----, slip op. at 5-6. We express no opinion as to whether Mr. Jamison will be able to establish the timeliness of his motion or that the circumstances fell within a recognized exception to the filing limits, but, as the State has conceded that the case must be remanded, this point is granted.
Conclusion
The motion court erred in overruling Mr. Jamison's pro se Rule 24.035 motion without appointing counsel. We reverse the motion court's judgment and remand for the court to appoint counsel and to allow the filing of an amended motion as warranted.
Alok Ahuja, P.J., and Mark D. Pfeiffer, J. concur.

Rule 24.035(b) states, in part, "If no appeal of such judgment or sentence was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." It applies to those persons who plead guilty to a felony and raise certain claims including ineffectiveness of trial or appellate counsel. Rule 24.035(a). The rule requires that the court appoint counsel "when an indigent movant files a pro se motion" to "ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence." Rule 24.035(e). "If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims." 24.035(e).

The amended rule states, in part, "If the motion is sent to the sentencing court by first-class United States Mail and is addressed correctly with sufficient postage and deposited in the mail on or before the last day for filing the motion, the motion shall be deemed to be filed timely." Rule 24.035(b). "A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of the filing of the motion." Rule 24.035(b). This amendment, adopted in December 2016, took effect July 1, 2017, or before the last date on which Mr. Jamison could file his post-conviction motion.

Pope v. State , 87 S.W.3d 425, 427 (Mo. App. W.D. 2002), outlines post-conviction counsel's duties under Rules 24.035 and 29.15, but is otherwise unhelpful to Mr. Jamison because there the appellant, who asserted an abandonment claim on the part of post-conviction counsel, timely filed a pro se Rule 24.035 motion.

The majority opinion states in this regard:
The burden of alleging and proving that the motion is timely filed can be met by the movant in one of three ways: (1) by filing the original pro se motion timely so that the file stamp on the motion reflects that it is filed within the time limits pr[e]scribed by the rule; (2) alleging in the original pro se motion and proving by a preponderance of the evidence that the movant's circumstances fall within a recognized exception to the time limits; or (3) alleging in the amended motion and proving by a preponderance of the evidence that the circuit court misfiled the motion.
Vogl v. State , 437 S.W.3d 218, 226 (Mo. banc 2014). In a footnote, the court observed, "It is possible that a movant would not be aware that movant's circumstances fall within a recognized exception to the filing time limits of the post-conviction rules at the time that the pro se motion was filed. Accordingly, a movant is given the opportunity to raise those allegations in an amended motion." Id. at n.12. Vogl involved alleged court misfiling of the motion, but the third method could apply equally to timeliness under the mailbox rule or delays by prison personnel in mailing the motion. The issue in Vogl was whether counsel appointed to represent a Rule 24.035 movant who had filed the pro se motion one day late had abandoned his client by seeking to rescind his appointment because the motion was untimely. Id. at 221. The Missouri Supreme Court reversed and remanded for the motion court to conduct an independent inquiry into Mr. Vogl's abandonment claim in light of counsel's apparent failure to comply with Rule 24.035(e) by filing an amended motion or a statement explaining why an amended motion was unnecessary. Id. at 230.