

## Missouri Court of Appeals
### Southern District
#### Division Two

RICK L. McCARTNEY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Appellant,　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　 )　No. SD36907
　　　　　　　　　　　　　　　　　　　)
STATE OF MISSOURI,　　　　　　　　　 )　FILED: April 21, 2021
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Respondent.　　　　)

APPEAL FROM THE CIRCUIT COURT OF CEDAR COUNTY

Honorable David R. Munton, Judge

**REVERSED AND REMANDED**

Rick L. McCartney ("Movant") appeals the motion court's judgment denying his pro se

motion for Rule 24.035 post-conviction relief ("PCR").[1]  In the underlying criminal case, the

State charged Movant with three counts of the class A felony of assault in the first-degree-special

victim and three counts of armed criminal action.  On November 20, 2019, in accordance with a

plea agreement, Movant entered an Alford guilty plea[2] to three amended charges of the class D

felony of assault in the second-degree and one charge of armed criminal action.  Movant was

then sentenced that same day to three concurrent seven-year terms of imprisonment on the

---

[1] All rule references are to Missouri Court Rules (2020).

[2] "Pursuant to an *Alford* guilty plea, the defendant does not admit the acts of the crime but admits that in light of the State's evidence against him, he is likely to be found guilty beyond a reasonable doubt at trial.  *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)."  **Hackman v. State**, 492 S.W.3d 669, 671 n.1 (Mo.App. 2016).  In a Rule 24.035 PCR proceeding, "an Alford plea is treated the same as a guilty plea."  **Id.** at 672.

1

assault charges and a consecutive three-year sentence on the armed criminal action charge. Movant did not file a direct appeal of his convictions.

On June 19, 2020, 212 days after the date he was sentenced, Movant filed his pro se PCR motion. Four days later, the motion court appointed counsel to represent Movant. Six days after that, on June 29, 2020, the State filed a motion to dismiss Movant's PCR motion on the basis that the motion was not timely filed.

On July 27, 2020, Movant's appointed counsel filed a "MOTION TO EXCUSE LATE FILING OF FORM 40 AND TREAT AS IF TIMELY FILED" (the "motion to excuse"). The motion to excuse acknowledged that the Rule 24.035 deadline for filing his pro se PCR motion was May 18, 2020, but asserted, referencing specific allegations made by Movant in an affidavit attached to the motion, that Movant's pro se PCR motion should be treated as timely because its filing was delayed due to circumstances beyond Movant's control. The motion to excuse requested that the motion court hold an evidentiary hearing so that Movant could prove the truth of his allegations. Two days later, on July 29, 2020, the motion court summarily denied the motion to excuse.

Thereafter, on October 16, 2020, the motion court entered its findings of fact, conclusions of law, and judgment denying Movant's pro se PCR motion because it was not timely filed. Movant timely appeals the motion court's judgment.

"This Court's review of a denial of post-conviction relief is limited to a determination of clear error in the circuit court's findings of fact and conclusions of law." *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Id.*

2

Rule 24.035 requires that pro se and amended PCR motions be filed within a specific timeframe. *See **Dorris v. State***, 360 S.W.3d 260, 267 (Mo. banc 2012) ("The Rules provide for the unique result of 'complete waiver' when a defendant files a post-conviction claim out of time."). As relevant here, if no appeal of the judgment or sentence is taken, a pro se PCR motion "shall be filed within 180 days of the date the sentence is entered." Rule 24.035(b). In that context, an amended PCR motion or a statement in lieu of an amended motion (explaining the actions counsel took to ensure that no amended motion is needed) shall be filed as follows:

> within 60 days of the earlier of the date both *a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court* and: (1) Counsel is appointed, or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 24.035(g) (emphasis added).

Furthermore, a movant must <u>plead</u> and <u>prove</u> that a pro se PCR motion is timely filed. ***Vogl v. State***, 437 S.W.3d 218, 226 (Mo. banc 2014). There are three recognized methods by which a movant can accomplish these tasks:

> (1) by filing the original pro se motion timely so that the file stamp on the motion reflects that it is filed within the time limits proscribed in the rule; (2) *alleging in the original pro se motion* and proving by a preponderance of the evidence that the movant's circumstances fall within a recognized exception to the time limits; or (3) alleging in the amended motion and proving by a preponderance of the evidence that the circuit court misfiled the motion.

*Id.* (citing **Dorris**, 360 S.W.3d at 267) (emphasis added). The following caveat to the second method also has been recognized when exception-to-timeliness allegations do not appear in a pro se PCR motion:

> It is possible that a movant would not be aware that movant's circumstances fall within a recognized exception to the filing time limits of the post-conviction rules at the time that the *pro se* motion was filed. *Accordingly, a movant is given the opportunity to raise those allegations in an amended motion.*

*Id.* at 226 n.12 (emphasis added); *see e.g.*, **Washington v. State**, 515 S.W.3d 786, 791 (Mo.App. 2017) ("Because Washington failed to timely file his initial *pro se* motion, and because his amended motion failed to allege any facts supporting his qualification for a recognized exception to the Rule 29.15 filing time limit, Washington has waived both his right to proceed under Rule 29.15 and any claim that could be raised in such a motion.").[3]

Both Movant and the State have posited that the motion court clearly erred in denying Movant's pro se PCR motion. Movant argues that reversal and remand are required for an evidentiary hearing on Movant's exception-to-timeliness allegations in his motion to excuse. The State, on the other hand, argues in its responding brief that reversal and remand are required because Movant was presumptively abandoned by his appointed counsel in that counsel never filed an amended PCR motion or a statement in lieu thereof. In his reply brief, Movant takes issue with the State's argument, asserting that "the motion court dismissed [Movant]'s cause before any such motion was due to be filed, since no transcript of [Movant]'s guilty plea was ever filed." The State thereafter, on March 29, 2021, submitted a letter to this Court conceding that no presumption of abandonment occurred in this case because the time for filing an amended motion or statement in lieu thereof had not yet expired when the motion court's judgment was entered.[4]

We agree with Movant that the motion court clearly erred in denying Movant's pro se PCR motion. We disagree, however, with Movant's argument that the mistake giving rise to that clear error was the motion court's summary denial of his motion to excuse. Movant's argument

---

[3] "Rule 29.15 contains certain substantive provisions that are identical to provisions in Rule 24.035, applicable to movants who have pleaded guilty. *See* Rule 29.15. Accordingly, case law interpreting a provision that is identical in both rules applies equally in proceedings under either rule." **Vogl**, 437 S.W.3d at 224 n.7.

[4] In addition to its concession, the State's letter also proffered an additional responsive argument not included in its responding brief. Movant filed a motion to strike the additional argument portions of the State's letter as unauthorized additional briefing. Movant's motion to strike is sustained.

is implicitly premised upon the proposition that his motion to excuse is neither his pro se PCR motion (because it had been filed already) nor his amended PCR motion (because it had not yet been filed).[5] Yet, Movant cites no legal authority that allows a movant in a PCR proceeding to plead an exception-to-timeliness claim in any manner other than in either the movant's pro se PCR motion or the movant's amended PCR motion. *See Vogl*, 437 S.W.3d at 226. In the absence of such authority, the motion court did not make a mistake in summarily denying the motion to excuse.[6]

Rather, in light of the entire record, we have a definite and firm impression a mistake was made when the motion court entered its judgment denying Movant's pro se PCR motion before the time had expired for filing an amended PCR motion. *See* Rule 24.035(g); *Gilkey v. State*, 600 S.W.3d 280, 282-83 (Mo.App. 2020) (holding that the dismissal of a pro se PCR motion as untimely was clear error because the deadline for filing an amended PCR motion had not yet expired). The premature entry of the motion court's judgment denying Movant's pro se PCR motion preempted Movant's opportunity, with the assistance of his appointed counsel, to plead an exception-to-timeliness claim in an amended PCR motion. *See Vogl*, 437 S.W.3d at 226 n.12.

Accordingly, the motion court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

GARY W. LYNCH, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J./P.J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[5] We observe that the motion to excuse does not satisfy the requirements for an amended PCR motion. Rule 24.035(g) requires that "All claims shall be included within the same body and text of the amended motion." The motion to excuse does not include any claim or claims that invoke Rule 24.035 relief.

[6] Because of the lack of authority to plead Movant's exception-to-timeliness claim in this manner, we do not consider, address, or render any opinion as to the merits of any allegations or the purported exception-to-timeliness claim asserted by Movant in his motion to excuse.