

# Missouri Court of Appeals

## Southern District

### Division One

KENNETH STEWART, )
                    )
  Appellant, )
                    )    No. SD37020
vs. )
                    )    **Filed: January 12, 2022**
STATE OF MISSOURI, )
                    )
  Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

### Honorable Calvin R. Holden, Judge

### VACATED AND REMANDED WITH DIRECTIONS

Kenneth Stewart ("Movant") appeals the motion court's denial of his motion for post-conviction relief under Rule 29.15.[1]  Because Movant's initial motion for post-conviction relief was untimely, the motion court lacked authority to determine the merits of Movant's claim.  We vacate and remand with directions to dismiss the initial motion as untimely filed and the amended motion as moot.

### Background

Movant was convicted, following a jury trial, of one count of assault in the first

---

[1] All rule references are to Missouri Court Rules (2017).

degree, two counts of endangering the welfare of a child in the first degree, and three counts of armed criminal action. We reversed the two counts of child endangerment and two counts of armed criminal action because the jury was not instructed on the lesser included offense of child endangerment in the second degree. *State v. Stewart*, 482 S.W.3d 426 (Mo.App. 2015). We remanded the case for a new trial on those four counts.

Movant was tried again before a jury. The jury found Movant guilty of two counts of endangering the welfare of a child in the first degree and two counts of armed criminal action. Movant was sentenced to two years imprisonment for each of the two counts of endangering the welfare of a child and three years on each of the two counts of armed criminal action. At the sentencing hearing, the trial judge advised Movant that if he chose to appeal he needed to file any motion to vacate the sentence or assert ineffective assistance of counsel within 90 days of issuance of a mandate by the Court of Appeals. The judge painstakingly explained that if Movant waited beyond 90 days he would be out of time and would not be able to claim that his counsel was ineffective.

We affirmed Movant's second conviction on direct appeal. *State v. Stewart*, 517 S.W.3d 680 (Mo.App. 2017). We issued our mandate on June 8, 2017.

Movant filed his initial *pro se* motion for post-conviction relief under Rule 29.15 on September 7, 2017, 91 days after the mandate was issued. His counsel filed an amended motion, in which Movant asserted that he had timely filed a *pro se* motion on September 6, 2017.[2] At no point did Movant correct his timeliness statement, nor did he plead any facts justifying his late filing.

At the hearing of Movant's amended motion for post-conviction relief, after a

---

[2] The deadline for filing Movant's motion for post-conviction relief was September 6, 2017. His motion was stamped as "Filed" on September 7, 2017, and a docket entry on September 8 indicated that the motion had been received and filed on September 7.

request by Movant's counsel, the motion court indicated that everything had been timely filed. The State did not raise the late filing during the hearing. Trial counsel's strategy involved efforts to discredit the State's evidence by cross-examining the state's witness, discrediting them or their recollection of events, and by calling Movant to the stand. Trial counsel said that if he had been told about a possible witness, then he would have investigated the witness. However, if a witness had a bad record or the witness' testimony did not fit counsel's theory of defense, then counsel would not call the witness to testify. Trial counsel did not remember Ms. Wells' name, but he did recall that Movant had mentioned a woman who could have been a potential witness.

Movant testified that Ms. Wells was supposed to testify on his behalf. However, after several attempts, his trial counsel had "stopped trying to reach out to her." Movant made an offer of proof that Ms. Wells' testimony would have shown that he had not endangered any children and that Ms. Wells' testimony would have led to a different outcome at trial. Ms. Wells was not present and did not testify at the evidentiary hearing.

The motion court denied Movant's motion for post-conviction relief, finding Movant had failed to prove that Ms. Wells could have been located after a reasonable investigation, that she would have testified, or what her testimony would have been. Movant timely filed a notice of appeal.

### Standard of Review

Review of a Rule 29.15 order is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. ***Swallow v. State***, 398 S.W.3d 1, 3 (Mo. banc 2013).

3

**Discussion**

"Missouri law is clear: The post-conviction filing deadlines are mandatory and failure to adhere to these deadlines imposes a harsh consequence—the complete waiver of the right to seek post-conviction relief and a complete waiver regarding all claims that could be raised in a Rule 29.15 motion." *Watson v. State*, 520 S.W.3d 423, 434 (Mo. banc 2017). Rule 29.15(b) provides that if the underlying case is appealed, then "the motion shall be filed within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence." The motion court and appellate courts have a duty to enforce this time limit. *McDaniel v. State*, 608 S.W.3d 763, 767 (Mo.App. 2020); *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014). These are mandatory deadlines which may not be waived, even if the State fails to raise them. *McDaniel*, 608 S.W.3d at 767; *Watson v. State*, 536 S.W.3d 716, 717 (Mo. banc 2018); *Price*, 422 S.W.3d at 297. "When a pro se motion is considered untimely filed under Rule 29.15(b), the motion court lacks authority to review the merits of the motion and should dismiss it as untimely." *McDaniel*, 608 S.W.3d at 767 (quoting *Brooks v. State*, 516 S.W.3d 442, 444 (Mo.App. 2017)).

Because the failure to file a timely motion for post-conviction relief results in a complete waiver, the movant must plead and prove that their initial *pro se* motion for post-conviction relief is timely filed. *Vogl v. State*, 437 S.W.3d 218, 226-7 (Mo. banc 2014). There are three methods by which a movant can plead and prove the timeliness of their motion:

> (1) by filing the original *pro se* motion timely so that the file stamp on the motion reflects that it is filed within the time limits proscribed in the rule; (2) alleging in the original *pro se* motion and proving by a preponderance of the evidence that the movant's circumstances fall within a recognized exception to the time limits; or (3) alleging in the amended motion and

4

proving by a preponderance of the evidence that the circuit court misfiled the motion.

*Id.* We recognize that *pro se* movants may be unaware that their circumstances fall within a recognized exception to the filing deadline in Rule 29.15.[3] However, a movant is afforded the opportunity to file an amended motion, often with the assistance of counsel, where they may assert that they are subject to an exception. *Id.* at 226 n.12; ***McCartney v. State***, 622 S.W.3d 729, 731 (Mo.App. 2021); ***Washington v. State***, 515 S.W.3d 786, 791 (Mo.App. 2017) ("Because Washington failed to timely file his initial *pro se* motion, and because his amended motion failed to allege any facts supporting his qualification for a recognized exception to the Rule 29.15 filing time limit, Washington has waived both his right to proceed under Rule 29.15 and any claim that could be raised in such a motion."). In this case, Movant's initial motion was not timely filed, nor did he aver any circumstances that would justify the late filing in his initial or amended motions.

Movant argues that despite the untimely initial motion, the motion court should have conducted an investigatory hearing as to the reason for the late filing rather than deciding his claim. As we explained in ***McCartney***, exceptions to timeliness must be raised through the *pro se* or amended motions for post-conviction relief. ***McCartney***, 622 S.W.3d at 732. They may not be raised through substantially different motions or, as in this case, through Movant's appellate brief. *Id*; *see also **Vogl***, 437 S.W.3d at 226-7 (explaining that counsel must remedy deficiencies in a *pro se* motion for post-conviction

---

[3] There are three recognized exceptions that excuse the late filing of a motion for post-conviction relief. A movant may demonstrate: (1) that they were abandoned by counsel; (2) third party interference or rare circumstances outside the movant's control justified the late filing of the motion; or (3) the trial court provided erroneous information about the deadline and the movant was entitled to rely on that misinformation. ***Watson***, 520 S.W.3d at 429, 434.

relief by asserting sufficient facts that would prove the timeliness or existence of a qualifying exception within the amended motion). Motion courts do not have an affirmative obligation to search out the reasons for the late filing of a motion for post-conviction relief where exceptions to timeliness were not raised in the motion or where the record indicates that the movant has not been abandoned by counsel.[4]

Absent some justification for the late filing of the motion, Movant waived any claims that he might have raised in his motion for post-conviction relief, and the motion court lacked authority to decide the merits of his motion. *McDaniel*, 608 S.W.3d at 767. Accordingly, the motion court clearly erred when it decided the merits of Movant's claim. The motion court's judgment is vacated. The cause is remanded with directions to dismiss Movant's initial motion for post-conviction relief as untimely and the amended motion as moot.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCURS

JEFFERY W. BATES, J. – CONCURS

---

[4] On occasion, a motion court may conduct an evidentiary hearing *sua sponte* on the untimely filing of a motion for post-conviction relief. However, the motion court need not make such an inquiry unless it is evident from the record that post-conviction relief counsel abandoned the movant. *Vogl*, 437 S.W.3d at 228; *see also* **Luleff v. State**, 807 S.W.2d 495, 498 (Mo. banc 1991). "When the record refutes the claim of abandonment, however, no independent inquiry is required of the motion court." *Vogl*, 437 S.W.3d at 229.